DANIEL LINCOLN *v.* ALANSON NORTON AND SILAS STANLEY, APP'TS.

*Trover. Pleading. Statute of Limitations.*

In an action of trover where the statute of limitations was pleaded, the replication alleging the insanity of the plaintiff, and that the plaintiff was under guardianship *after* the cause of action accrued, was held insufficient.

Under the statute it has uniformly been held, that if the disability does not exist at the time the cause of action accrues, the subsequent intervening of a disability does not prevent the running of the statute.

TROVER for a pair of oxen. Pleas,—1st, the general issue. 2d, statute of limitations,—replication to the plea of the statute of limitations,—to which replication the defendants demurred. Upon the hearing of the case upon the demurrer, March Term, 1862, KELLOGG, J., presiding, the court adjudged the replication insufficient,—to which decision the plaintiff excepted.

The questions at issue are sufficiently presented in the opinion of the court.

*Reuben R. Thrall*, for the plaintiff.

*Briggs & Nicholson*, for the defendants.

PIERPOINT, J. This is an action of trover for a pair of oxen. The plaintiff alleges the conversion by the defendants on

the 1st of January, 1855. The defendant pleads the statute of limitations. The plaintiff replies that from the 16th day of March, 1855, to the 24th day of March, 1859, he was insane and under guardianship. To this replication the defendant demurs.

If the defendant was guilty of the conversion on the 1st day of January, 1855, as alleged in the declaration, the cause of action then accrued, and the statute commenced running from that date, and would continue to run, notwithstanding the subsequent insanity of the plaintiff. The exception in the statute is, that if any person shall, at the time when the cause of action shall accrue, be a minor or a married woman, insane, or imprisoned, such person may bring the action within the time limited after the disability is removed. Under this statute it has uniformly been held, that if the disability does not exist at the time the cause of action accrues, the subsequent intervening of a disability does not prevent the running of the statute.

If it be said that the alleged time of the conversion is immaterial, and the conversion may be proved at some other time, still the replication is defective, as it does not allege that the plaintiff was insane at the time the cause of action accrued. The pleader gives a chronological statement of the proceedings before the probate court, commencing in December, 1854, and resulting in a decree of the plaintiff's insanity, and the appointment of a guardian, in March, 1855, but makes no allegation and states no facts, either in the replication or the declaration, that leads to the conclusion that the plaintiff was insane at the time the cause of action accrued. Without this the replication is no answer to the plea; all that is alleged may be true and yet the plaintiff have been sane at the time of the conversion of the property complained of.

The replication is adjudged insufficient, and the judgment of the county court affirmed.