GEORGE W. MURPHY *vs.* ARTHUR DOYLE.

June 14, 1887.

**Limitation of Actions—Adverse Possession—Occupancy.**— To constitute adverse possession, such as will work a disseizin of the lawful owner, there must be actual and visible occupancy of the premises; but what will constitute such occupancy will depend somewhat upon the nature and situation of the property, and the uses to which it can be applied.

**Same — Occupancy of Part under Claim of Title to Whole Tract.**— Where the occupant entered into possession under a claim of title, founding such claim upon some written instrument as being a conveyance of the premises, and has been in the continuous occupancy of some part of the land included in such conveyance for 20 years, he will be deemed to have been in the adverse possession of the whole of such premises if not in the adverse possession of any one else, provided they consist of a single tract of a proper size to be managed and used in one body according to the usual manner of business of the country.

**Same—Color of Title.**—Any instrument, however defective or ineffectual to convey title, will be sufficient under this rule if by a sufficient description it purports to convey title to the premises.

**Same—Evidence—Deed Void on its Face — Payment of Taxes.**—The deed under which the occupant entered, although void on its face, is admissible in evidence to show the nature and extent of the claim of the party who entered under it. Payment of taxes, although not constituting possession, is competent evidence of the fact that the party claimed title.

v.37 m—8

Appeal by plaintiff from a judgment of the district court for Le Sueur county, where the action was tried before *Macdonald*, J., and a jury, and a verdict directed for defendant.

*Baxter, Townley & Gale*, for appellant.

*Cadwell & Parker*, for respondent.

MITCHELL, J. This was an action of ejectment. The defence was the disseizin of plaintiff, and those under whom he claims, by the adverse possession of defendant and his grantor for more than 20 years. It conclusively appeared from the evidence that in March, 1864, Dennis Doyle purchased the premises for taxes, and obtained from the county auditor a "tax certificate," which, in August, 1864, he returned and obtained a tax deed purporting to be executed pursuant to Laws 1862, *c.* 4, and to convey by sufficient description the whole of the premises in question, which is an 80-acre tract. This deed, however, was ineffectual to convey title, because it did not recite the existence of all the facts necessary to authorize the auditor to make a sale. It was not recorded until July, 1874. The land was vacant and wholly unimproved, and was all heavy timber except about eight acres of marsh meadow.

Claiming title to the whole tract under this tax title, and with the intention of holding it as his own, Doyle entered upon the premises in April or May, 1864, and cleared and fenced a few acres, and planted it with a crop. During the following winter he cleared four or five acres more, which he also inclosed with a fence, and planted with a crop in the spring of 1865. Each year thereafter he cleared, grubbed, and fenced some additional land, and put it in crop, until he had in all between 30 and 40 acres inclosed and under cultivation. The fences were made out of rails cut on the premises. Every spring, including those of 1864 and 1865, he made sugar on the land, tapping the trees extending over some eight or ten acres of the uncleared and uninclosed part of the premises. He also, in 1864 and 1865, and each succeeding year, cut hay on the marsh meadow, which he drained at considerable expense, but never inclosed with a fence. He also paid taxes on the entire 80 every year since he entered upon it, in 1864. He never erected any buildings or resided upon the premises, his residence being some 80 rods distant. The uncleared

portion of the land was never inclosed. This occupancy of Dennis Doyle continued until April, 1885, when he conveyed to defendant, who immediately entered, and has continued to occupy and use the premises in the same manner as his grantor. During all this time no one else was in the occupancy of any part of the land, or disputed Doyle's title, or claimed possession, until the commencement of this action, October 3, 1885.

The question is whether this state of facts constituted adverse possession by the Doyles, for 20 years, of the entire 80 acres, according to defendant's contention, or only so much as was actually improved and inclosed in 1864 and 1865, as contended by plaintiff.

As to what will constitute adverse possession such as will work a disseizin of the true owner is a subject which has afforded a wide field for judicial discussion and decision. All the authorities agree that the possession must be actual, visible, and exclusive; but as to what will constitute such a possession, or as to what shall be deemed the extent of it under a given state of facts, there has been some diversity of views. The doctrine of the supreme court of the United States is that to constitute adverse possession there need not be a fence or a building; that it is sufficient if visible and notorious acts of ownership have been exercised over the premises for the time limited by statute. *Ewing* v. *Burnet*, 11 Pet. 41, 53. It is difficult to lay down a precise rule applicable to all cases, as much must depend upon the nature and situation of the property, and the uses to which it can be applied. For example, in the case of a farm, if the possession is open and notorious, comporting with the ordinary management of farms, it is not necessary that the whole farm be either improved or inclosed, at least where the unimproved part, as woodland, is subservient to and connected with that which is improved; and, for the same reason, the rule requiring actual and visible occupancy will be more strictly construed in an old and populous country, where land is usually improved and inclosed, than in a new country recently settled, in which the land is only partially improved. Again, where the occupant enters under color of title through some deed or written instrument purporting to be a conveyance, he stands in a different position from a mere naked disseizor. He is presumed

to have intended his entry to be co-extensive with the description contained in his deed, although the actual improvements are only on a part of the tract. The general doctrine of the courts in the United States is that where the occupant, or those under whom he claims, enter into possession under claim of title, founding such claim upon some written instrument as being a conveyance of the premises in question, and there has been continued occupation of some part of the land included in such conveyance, he or they will be deemed to have been in the adverse possession of the whole of such premises if not in the adverse possession of any one else.

The same proposition has sometimes been expressed as follows: An entry into possession of a tract under a deed containing specific metes and bounds gives constructive possession of the whole tract if not in any adverse possession, although there be no fence or inclosure round the ambit of it. Of course, the proposition is subject to the proviso that the premises described in the conveyance consist of a single tract of a proper size to be managed and used in one body according to the usual manner of business of the country.

Any instrument, however defective or ineffectual to convey title in fact, even if void on its face, will be sufficient, under this rule, if, by a sufficient description, it purports to convey title to the premises. Many states have statutes to this effect, but they are merely declaratory. The same rule obtains in the absence of any statute on the subject. Ang. Lim. §§ 400–404; *Ellicott* v. *Pearl*, 10 Pet. 412; *Humphries* v. *Huffman*, 33 Ohio St. 395; *Farrar* v. *Fessenden*, 39 N. H. 268; *Tremaine* v. *Weatherby*, 58 Iowa, 615, (12 N. W. Rep. 609;) *Chandler* v. *Spear*, 22 Vt. 388; *Hodges* v. *Eddy*, 38 Vt. 327; *Hoye* v. *Swan*, 5 Md. 237; *Proprietors of Kennebeck Purchase* v. *Springer*, 4 Mass. 416, (3 Am. Dec. 227;) *Blood* v. *Wood*, 1 Met. 528; *Hall* v. *Law*, 102 U. S. 461; *Thompson* v. *Burhans*, 61 N. Y. 52; *Pillow* v. *Roberts*, 13 How. 472; *Edgerton* v. *Bird*, 6 Wis. 527, (70 Am. Dec. 473;) *Colvin* v. *McCune*, 39 Iowa, 502; *Logan* v. *Jelks*, 34 Ark. 547.

It is not essential that the instrument should have been recorded. Its materiality is to show the nature and extent of the claim of the occupant, by showing the nature of the instrument under which he entered, and in that view we cannot see how it can be important

whether it has been placed on record.    The adverse possession which affects the rights of the true owner is what exists and appears on the land itself.    Expressions may be found apparently to the contrary, but we find no case where it has been distinctly so decided, and in no state where the rule has been enacted in the form of a statute has any such condition been incorporated into it, and we can see no reason or principle why it should be.

In the present case there can be no question but that Dennis Doyle's entry was adverse, and that he entered under a tax deed purporting to convey the entire 80 acres claiming title under it to the whole tract.    The tract was within the ordinary size of a single farm. Except making his residence on the land, (which was not necessary,) he did all in the way of occupying the land that the nature and condition of the property reasonably admitted of.    It was just such occupancy and possession as was usual in this state at that date among the owners of new farms which they had just entered, and were gradually improving as time and means would permit.    No one else was in possession or claimed possession of any part of the tract.

Under the rules to which we have referred the Doyles had been in adverse possession of the entire 80 acres more than 20 years, and the court below was justified in so holding as a matter of law.

It follows from what has been said that there was no error in admitting the tax deed in evidence, although void on its face.    It was admissible for the purpose of showing the nature and extent of the claim of the occupant who entered under it.    So, also, the payment of taxes on the whole 80, although not constituting possession, showed claim of title, and was material and competent evidence for the purpose.    *Miller* v. *Long Island R. Co.*, 71 N. Y. 380; *Paine* v. *Hutchins*, 49 Vt. 314.

Judgment affirmed.