PETER MIESEN v. HARRY CANFIELD.[1]

May 25, 1896.

Nos. 9979—(112).

**Constructive Possession—Entry under Void Deed.**

An entry under a deed or other written muniment of title purporting by sufficient description to convey certain premises, although void on its face, will give constructive possession of the whole tract described in the deed, although not all inclosed or improved, provided it is not in the adverse possession of any one else, and the premises consist of a single tract adapted to be managed and used as one body, according to the usual manner of business. Murphy v. Doyle, 37 Minn. 113, followed.

[1] Reported in 67 N. W. 632.

Constitution—Laws 1889, c. 91.

*Held*, also, that the legislative journals show that Laws 1889, c. 91, entitled "An act to amend section 4, c. 66, G. S. 1878, relating to civil actions," was constitutionally passed.

Appeal by defendant from a judgment of the district court for Wabasha county, in favor of plaintiff, entered in pursuance of the findings and order of Gould, J. Affirmed.

*S. L. Campbell*, for appellant.

*Murdoch & Murdoch*, for respondent.

MITCHELL, J. As the record in this case consists merely of the pleadings and findings, the only question presented is whether the conclusions of law are justified by the findings of fact.

The action was brought to determine adverse claims to 120 acres of land. The defendant claims under the patent title from the United States. The plaintiff claims title by adverse possession of himself and grantors for more than 15 years. The trial court found generally that neither the defendant nor those under whom he claims have been in the actual occupation of any part of the premises since the fall of 1877, but that ever since that date the plaintiff, and those under whom he claims, have been in the actual, open, continuous, hostile, and exclusive possession of the whole 120 acres; and there is nothing inconsistent with this in the special findings or findings of certain evidentiary facts. The court finds that plaintiff's grantor entered into possession in 1877, claiming title to the whole 120 acres under tax deed, which, however, was void on its face; that the same year he broke up and plowed 10 or 12 acres on one 40, which was substantially all of the 120 acres that was suited for tillage, the rest being rough and wooded; that all the balance of the 120 acres has remained uninclosed and uncultivated and unoccupied, except by plaintiff and his grantors. So far from being inconsistent with the general finding, this is corroborative of it.

Where the occupant enters under a claim of title founded upon a deed or other written muniment of title, and has been in the continuous actual occupancy of some part of the premises for the statutory period, he will be deemed to have been in possession of the entire premises described in the deed not in the adverse possession of any one else, although uninclosed and unimproved, provided the premises

consist of a single tract of proper size, to be managed and used as one body according to the usual manner of business. Otherwise expressed, an entry under a deed containing specific metes and bounds will give constructive possession of the whole tract described in the deed not in any adverse possession, although not all inclosed or improved. He is presumed to have intended his entry to be co-extensive with the description in his deed, although his improvements are only on a part of the tract. Such a person occupies a different position from a mere naked trespasser or intruder, whose possession will be only co-extensive with his actual occupancy. And any instrument, however defective or ineffectual to convey title in fact, and even if void on its face, will be sufficient to bring a case within this rule if by sufficient description it purports to convey title. Whether valid or void on its face, it characterizes the entry of the occupant by showing the nature and extent of his claim. In this case the premises constituted a single contiguous tract suited to be managed and used in one body. Murphy v. Doyle, 37 Minn. 113, 33 N. W. 220.

Counsel for defendant suggests that the case just cited is inconsistent with the prior decisions of this court in Cogel v. Raph, 24 Minn. 194, and O'Mulcahy v. Florer, 27 Minn. 449, 8 N. W. 166. This court never held that entry must be made under color of title—that is, a conveyance good on its face—in order that adverse possession may ripen into title. In neither of these cases was the question of title by adverse possession involved. In Cogel v. Raph it was merely held that, to make a tax deed prima facie evidence of title under the statute, it must be regular on its face. All that was decided in O'Mulcahy v. Florer was that a tax deed void on its face is not "color of title" within the meaning of the "occupying claimant's law" so as to entitle one who enters under it to recover for his improvements.

2. The further claim is made that the journals of the legislature fail to show that Laws 1889, c. 91, entitled "An act to amend section 4, c. 66, G. S. 1878, relating to civil actions," [2] was ever constitutionally passed. This is the act which reduced the limitation of time within which actions to recover real estate should be brought from 20 to 15 years. The entries in the legislative journals are all set out in the court's findings, although this was unnecessary as the courts will take judicial notice of them.

[2] See G. S. 1894, § 5134.

The contention of the plaintiff is that the journals fail to show— First, that the bill, after being indefinitely postponed, was ever again properly brought before the house for further action; second, that it was read on three different days, as required by Const. art. 4, § 20, or that it was passed by the vote of a majority of all the members elected to each branch of the legislature, and the vote entered on the journal, as required by section 13 of the same article of the constitution.

We have no occasion to enter into a consideration of the question when and how far an enrolled bill, authenticated in compliance with the constitution, and filed with the secretary of state as a law of the state, may be impeached by the legislative journals. The question in some of its phases has been before this court in Supervisors v. Heenan, 2 Minn. 281 (330); State v. City of Hastings, 24 Minn. 78; Burt v. Winona & St. P. R. Co., 31 Minn. 472, 18 N. W. 285; State v. Peterson, 38 Minn. 143, 36 N. W. 443; Lincoln v. Haugan, 45 Minn. 451, 48 N. W. 196. For a full collation of the authorities on this subject see note to Field v. Clark, 143 U. S. 649, 12 Sup. Ct. 495. One thing is well settled by the decisions of this court, viz. that the presumption that a properly authenticated bill was passed in accordance with the constitution is not overcome by the failure of the journals to show any fact which is not specifically required by the constitution to be entered therein. This fully disposes of plaintiff's first point.

It is also well settled everywhere that the presumption that an enrolled bill, duly authenticated, was constitutionally passed, is very strong, and that, even where that presumption is rebuttable by reference to the journals, the evidence must be very strong and clear in order to overcome this presumption, and that the courts will give to the entries in the journals the reasonable construction most favorable to the validity of the act. The journals show that a bill or bills of this same title was before the legislature, sometimes designated as "House File No. 399," and sometimes as "House File No. 339." If these numbers refer to the same bill, then confessedly the journals show affirmatively that the act in question was constitutionally passed. It appears that only one bill of that title, or amendatory of the same statute, was introduced at that session, and that one, when introduced, was numbered house file 399; also that house file No. 339 was on an entirely different subject, and was passed long before the passage of the act under consideration. It is reasonably clear, if

not absolutely certain, that all entries in the journal relating to a bill of this title refer to one and the same bill, and that the fact that it was sometimes numbered house file 339 was merely a clerical mistake. The file number is no legal or constitutional part of the title of a bill. It is merely designed for the convenience of the legislative members and clerks. It may therefore be rejected as surplusage, and, if this is done, there is neither defect nor ambiguity in the legislative journals.

Judgment affirmed.