AUSTIN F. KELLEY v. HIRAM P. GALLUP.[1]

January 14, 1897.

Nos. 10,107—(119).

**Constitution—Laws 1889, c. 91.**

Laws 1889, c. 91, reducing the time within which an action for the recovery of real estate may be brought from 20 to 15 years, was constitutionally passed. Miesen v. Canfield, 64 Minn. 513, followed.

**G. S. 1894, § 5147—Subsequent Disability.**

G. S. 1894, § 5147, construed, and *held*, that the disability which will arrest the running of the statute of limitations must exist at the time the cause of action accrues. If the statute once begins to run against a party, it so continues until the bar is complete. No subsequent disability, not even insanity, will impede it.

**Same—Findings.**

*Held*, that the finding of the trial court to the effect that when plaintiff's grantor entered into the adverse possession of the land here in question the owner thereof was not then insane is sustained by the evidence.

Appeal by defendant from a judgment of the district court for Stearns county, in favor of plaintiff, entered in pursuance of the findings and order of Searle, J. Affirmed.

*Calhoun & Bennett*, for appellant.

*Geo. H. Reynolds*, for respondent.

START, C. J. This is an action to recover the possession of 80 acres of land. The plaintiff had judgment, and the defendant appeals therefrom.

It is undisputed that Mrs. Rebecca S. Parks died intestate, seised in fee of the land, October 16, 1866, leaving, her surviving, her husband, who died some time prior to July 23, 1895, but when the record does not show; also two children,—Catherine Parks, who died in 1893, and prior to November 10, and Lulu C. Parks. The latter, on the day last named, executed a quitclaim deed of the land to George Botham, and the latter, on December 26, 1893, executed a like deed of the land to the defendant, who is in possession thereun-

[1] Reported in 69 N. W. 812.

der.   William Kruger was in the open, adverse, and notorious possession of the land from 1877 to 1893, under color and claim of title thereto.   The plaintiff, before the commencement of this action, succeeded to the title of Kruger in and to the land by virtue of a foreclosure sale thereof upon a mortgage thereon executed by Kruger June 1, 1891, while he was so in possession of the land.

It is conceded upon these facts by the defendant that, if Laws 1889, c. 91, reducing the time within which an action for the recovery of land may be brought from 20 to 15 years, is constitutional, and if Catherine Parks was not insane within the meaning of G. S. 1894, § 5147, the plaintiff is the owner of the land.   But the defendant claims that chapter 91 is not constitutional, and that Catherine Parks was insane.

1. The first claim of the defendant is that this act of 1889 never became a law, because it was not passed by the legislature in accordance with the requirements of section 13, art. 4, of the constitution, which provides that:

"No law shall be passed unless voted for by a majority of all of the members elected to each branch of the legislature and the vote entered upon the journal of each house."

We had this precise question before us in the recent case of Miesen v. Canfield, 64 Minn. 513, 67 N. W. 632, in which we held that the act was constitutionally enacted.   We adhere to that decision.   The reasons here urged why we should overrule the decision were fully considered by the court in the Miesen case, although not all of them were referred to in the opinion.

2. The defendant's second claim is that, by reason of the insanity of Catherine Parks, the statute did not run as to her.   The exception to the statute relied on by the defendant is G. S. 1894, § 5147, which, so far as here material, reads thus:

"If a person entitled to bring an action mentioned in this chapter, except for a penalty or forfeiture, is, at the time the cause of action accrued   *   *   *   insane:   *   *   *   The time of such disability is not a part of the time limited for the commencement of the action."

The disability which, by virtue of this statute, will arrest the running of the statute of limitations, must exist at the time the cause of action accrued.   If the statute once begins to run against a party, it continues to run until the bar is complete. . No subsequent dis-

ability, not even insanity, will impede it. Angell, Lim. § 196; 2 Wood, Lim. 578; Moore v. Armstrong, 36 Am. Dec. 63, 77; Lincoln v. Norton, 36 Vt. 679; Clark's Exr. v. Trail's Admrs., 1 Metc. (Ky.) 35; Allis v. Moore, 2 Allen, 306. In the last case cited it was held that, if the owner of land has been disseised, his subsequent insanity does not prevent the disseisor's title ripening by adverse possession. It was, therefore, incumbent on the defendant in the case at bar to show that at the time Kruger entered into the adverse possession of the land under a claim of title hostile to that of Catherine Parks she was insane. Such entry was made in the year 1877, and the trial court in effect found that Catherine Parks was not insane at that time.

The defendant asserts that the undisputed evidence shows that she was insane from the time she was three years old; hence the finding of the trial court is so palpably against the weight of the evidence that it should be set aside. The claim is not justified by the evidence, which was not such as to require the court to find that the insanity of Catherine Parks existed at the time Kruger went into possession of the land, in 1877.

The only testimony on this point was that of the sister and uncle by marriage of Catherine Parks, given in the form of depositions. Neither of them states the time when Catherine became mentally incapable of caring for herself or transacting any business. The sister testified that for a long number of years Catherine was an inmate of an institution for the feeble-minded, and she there visited her; but the witness fails to state when Catherine was in the institution.

The only suggestion that Catherine was of unsound mind from her third year is found in the questions to the witnesses, not in their answers. Take one question and answer as an illustration:

"Q. State what has been her mental condition since her third year, or such part of the time as you may have knowledge. State fully. A. She was of unsound mental condition."

When was she in that condition? From her third year, or during the time the witness had knowledge of her mental condition? The testimony of the uncle is to the effect that he lived in the same town with Catherine for 10 or 12 years, and saw her almost daily, and that during this time she was incapable of taking care of her-

self; but the witness failed to state when it was that he lived near to and knew her. Neither of the witnesses stated any fact as to her mental condition from which the trial court was bound to or reasonably might have inferred that she was non compos from her third year, or at any time prior to the date of Kruger's entry upon her land. The finding in question is sustained by the evidence.

Judgment affirmed.