PHILLIPS PETROLEUM COMPANY v. MARY SELNES.[1]

May 2, 1947.

No. 34,401.

---

[1]Reported in 27 N. W. (2d) 553.

*Grottum & Winzenburg,* for appellant.
*Finstad & Ruenitz,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment for the plaintiff in an action brought under Minn. St. 1945, § 559.23,[2] to determine the boundary line between lots four and five, block 53, Second Addition to the village (now city) of Windom, Minnesota. Block 53 consists of five lots, as shown by the following plat:

------

2See, M. S. A. § 559.23, and cf. Mason St. 1927, § 9590.

The plat shows 212.6 feet frontage on the Fourth avenue side of lots three, four, and five. Actually, by the surveyor's stakes and measurements, there is a frontage of only 202.6 feet. Plaintiff, the present owner of lot five, asserts that that lot has, as the plat shows, 110 feet frontage. Defendant claims that lot five has only 100 feet frontage and that her lots, three and four, have 102.6 feet frontage. This lawsuit followed these conflicting claims. There is no structure on the ten-foot area in controversy. Plaintiff claims it by adverse possession and by acquiescence for the statutory period. The lower court made findings sustaining plaintiff's claim to the property on both theories. The issue on this appeal is whether there is sufficient evidence to support the findings of fact.

The chain of title respecting lot four shows that defendant's husband, Olaf Selnes, purchased lots three and four in 1885 and 1884 respectively. He conveyed them to Mary E. Selnes, defendant, prior to his death in 1922. She lives on these lots and has resided there since 1886 in the house built thereon at that time.

The chain of title to lot five shows that in 1881 it was conveyed to one Jennie M. Priest. In 1886, she and her husband conveyed the west half of this lot to George M. Laing, describing it by metes and bounds, with 110 feet frontage on the Fourth avenue side, as shown by the plat. Laing went into immediate possession. In 1899, all of Laing's interest in lot five was decreed to his widow, Amy W. Laing. She conveyed the west half of lot five by the same metes-and-bounds description to Julius H. Christianson in 1909. He did likewise in 1919, conveying to Mads C. Damm. These grantees entered into possession under such deeds. Subsequent successive owners have taken title to the land under its description as the west half of lot five. If plaintiff prevails, 110 feet of the 202.6 feet actual frontage on the Fourth avenue side is owned by it.

■ The evidence tends to prove that the prior occupants of plaintiff's present property mowed the lawn, shoveled the sidewalk, and, in general, handled the property as an owner would ordinarily do when there was no building on that part of the property now in controversy. The inference is justifiable that from 1886 to 1919 plain-

tiff's predecessors, who occupied the west half of lot five, realized that there was an actual shortage in the frontage of the block, as platted, and that by using a metes-and-bounds description they made claim to 110 feet frontage, as shown by the plat of lot five. An entry into possession under a metes-and-bounds description is evidence of an intent to occupy the entire tract described in the deed, and occupancy thereunder was sufficient to constitute adverse possession of the entire tract. Miesen v. Canfield, 64 Minn. 513, 67 N. W. 632; Murphy v. Doyle, 37 Minn. 113, 33 N. W. 220.

■ In the case of boundary-line disputes, the practical location of the boundary lines can be established by showing that the location relied upon has been acquiesced in for a sufficient period of time under the statute of limitations to bar right of entry. Benz v. City of St. Paul, 89 Minn. 31, 93 N. W. 1038; Marek v. Jelinek, 121 Minn. 468, 141 N. W. 788. The evidence seems quite clear that for a period of more than 30 years defendant and her predecessor acquiesced in the claim of plaintiff and its predecessors to 110 feet frontage on the Fourth avenue side. There is evidence to support a finding that defendant's husband constructed a fence, which was later replaced by another, part of which was still standing on the boundary, as claimed by plaintiff, when defendant first asserted her claim. When a new sidewalk was built by plaintiff in front of the ten-foot strip in question, defendant did not object. Defendant made no attempt to claim the land beyond the old fence line until three years ago. This attempt was resisted by plaintiff. This evidence reasonably supports the finding that the true boundary line was in doubt for many years in excess of 15 and that plaintiff's predecessors made claim to the ten-foot strip now in controversy, in which claim defendant and her predecessor acquiesced.

Neither in the trial court nor here did defendant challenge for inconsistency, if any there be, the plaintiff's claims of adverse possession and of establishment of a boundary line by acquiescence. There was evidence sufficient to sustain a finding on either ground.

Affirmed.