NICK THOMAS AND OTHERS v. ANNA MRKONICH.

78 N. W. (2d) 386.

June 15, 1956—No. 36,759.

*Cohen, Kaner & Dubow,* for appellants.
*Stone, Manthey & Carey,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Plaintiffs seek removal of that portion of a stairway constructed by defendant on her property described as Lot 16, Block 24, Re-Arrangement of First Addition to Eveleth, which encroaches a few inches over onto plaintiffs' property, north of and adjacent to Lot 16 above, described as Lot 15 of such block and addition. There are two-story structures fronting on Grant Avenue in Eveleth on both lots. The trial court ordered judgment in defendant's favor, holding she had acquired title to the disputed area by adverse possession. This is an appeal from the judgment.

In 1909 defendant's predecessor in title constructed an enclosed frame stairway which was attached to the north wall of the building on Lot 16 and which afforded access to the second floor thereof. The stairway for the most part was on Lot 16, but two upright 2 x 4's were attached to the south wall of the building on Lot 15 to which the stairway stringers and the north wall or enclosure of the stairway were attached. The 2 x 4's rested on a concrete foundation of plaintiffs' structure, the south edge of which was some 2½ inches within plaintiffs' lot line, so that the north edges of the 2 x 4 uprights attached to plaintiffs' building were about 4½ inches north

of the south line of plaintiffs' lot. In 1909 plaintiffs placed a face board 8 inches wide and approximately 9 feet in length upright on the front of their building to cover the space between such building and the north wall of defendant's stairway. In 1910 they placed a metal flashing from the southerly wall of their building across to the roof of defendant's stairway, thus enclosing it from the top. The stairway remained in this condition thereafter until 1952.

In May of 1952 defendant removed the old stairway and replaced it with a modern concrete block stairway in substantially the same area previously occupied. During the course of this construction, plaintiffs protested that the new stairway was extending onto their property and subsequently instituted the present action requiring the removal of that portion thereof which extended over and within the south line of Lot 15. Defendant answered, claiming title to this area by adverse possession, and as indicated the trial court made findings in defendant's favor on this issue.

■ It would appear that there is ample evidence to sustain the trial court's finding that the defendant had acquired title to the disputed area by actual, open, continuous, hostile possession for a period of at least 15 years as required by M. S. A. 541.02. Engquist v. Wirtjes, 243 Minn. 502, 68 N. W. (2d) 412; Fishman v. Nielsen, 237 Minn. 1, 53 N. W. (2d) 553. The evidence is undisputed that the stairway, as originally constructed in 1909 by defendant's predecessor, had been used constantly to gain access to the second floor of the building on Lot 16. The evidence further indicates that it occupied substantially all the area between the two buildings and actually was attached to plaintiffs' building by the 2 x 4 uprights which rested upon the foundation of plaintiffs' structure, thus encroaching upon plaintiffs' property some 4½ inches. We do not see that plaintiffs' actions in attaching a face board to the front of their building or the metal flashing extending to the roof of the stairway can be said to have interfered in any way with the open use of such stairway by the owners of Lot 16 or obscured its usage from the public. Photographs submitted in evidence revealed that the presence and extent of the first stairway must have been known to any one using the street upon which the buildings fronted. It is also

clear from the evidence that its entire width, including the 2 x 4 uprights attached to plaintiffs' building, was in full view of any one observing such stairway from the rear of the building during all the period in which it was in use, and there is nothing to indicate that defendant at any time did anything to obscure her full occupancy of the disputed area. See, Skala v. Lindbeck, 171 Minn. 410, 214 N. W. 271.

■ Plaintiffs assert that defendant failed to establish hostile possession. The rule governing hostile intent is set forth in Carpenter v. Coles, 75 Minn. 9, 11, 77 N. W. 424, as follows:

"To make a disseisin it is not necessary that the disseisor should enter under color of title, or should either believe or assert that he had a right to enter. It is only necessary that he enter and take possession of the lands as if they were his own, and with the intention of holding for himself to the exclusion of all others."

Here, as indicated, the original stairway was used constantly by defendant and her family, and by her predecessors in title, from 1909 until 1952. During all such time they made full use of the entire area which it occupied, treating it as their own property. Obviously, within the rule above set forth, the evidence establishing such facts is ample to support the finding that defendant and her predecessors in title by such usage had acquired title to the disputed area by adverse possession. Schmidt v. Marschel, 211 Minn. 539, 2 N. W. (2d) 121; Kelley v. Green, 142 Minn. 82, 170 N. W. 922; Rupley v. Fraser, 132 Minn. 311, 156 N. W. 350; Murphy v. Doyle, 37 Minn. 113, 33 N. W. 220.

■ The claim is made that the new stairway occupies or fills up a small open space of about 2 inches which previously existed between the north edge of the 2 x 4 uprights of the prior stairway and the stringers and north wall thereof. It was disclosed that plaintiffs recently had placed siding upon the south wall of their structure which would account for the absorption of some of such space so that the old open area now filled in by the present stairway would be approximately but one inch beyond the wall of the prior stairway, and still well within the northerly edge of the 2 x 4 uprights

to which the prior stairway was attached. This minor variation would not seem to require a finding that defendant had not acquired title to the small space previously open but within the limits of the former encroachment. It is true that, when an easement has once become fixed, there can be no material alteration thereof except by agreement, Wallis v. First Nat. Bank, 155 Wis. 306, 143 N. W. 670; 17 Am. Jur., Easements, § 112; Annotation, 101 A. L. R. 1292, but it has also been held that the right to make an alteration in an easement is dependent upon the extent of the proposed change; and that, if the change is not so substantial as to result in the creation or substitution of a new and different servitude, but on the contrary is of but a rather slight extent, it will not be held objectionable. Nichols v. Peck, 70 Conn. 439, 39 A. 803, 140 L. R. A. 81; Sandman v. Highland, 312 Ky. 128, 226 S. W. (2d) 766; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A. L. R. 1291; Olcott v. Thompson, 59 N. H. 154, 47 Am. R. 184; Richardson v. Clements, 89 Pa. 503, 33 Am. R. 784; Big Cottonwood Tanner Ditch Co. v. Moyle, 109 Utah 213, 174 P. (2d) 148, 172 A. L. R. 175.

Based upon this principle, we are of the opinion that the occupancy of the small space between the present sidings on the south wall of plaintiffs' structure and the north edge of the former stringers and north wall of the prior stairway is so minor a change from the area formerly occupied as not to be objectionable or to require a finding that defendant had not acquired adverse title thereto.

The judgment is affirmed.

Affirmed.