**Notker A. KIESS, Respondent,**

**v.**

**Raymond HAMANN, et al., Appellants.**

**No. C9–85–226.**

Court of Appeals of Minnesota.

June 18, 1985.

Paul J. Wocken, Cold Spring, for respondent.

Daniel A. Eller, St. Cloud, for appellants.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Respondent brought an action to have appellants remove a portion of their fence from respondent's land. The parties presented conflicting surveys regarding the location of the driveway relative to the boundary of their property. The trial court adopted the survey which was approved by an arbitration committee of the Minnesota Land Surveyors. The survey adopted by the trial court showed that except for 51 feet, appellants' fence was on respondent's land.

The trial court issued its findings of fact and order for judgment on May 23, 1984, an amended findings of fact and order for judgment on July 18, 1984, and a second amended findings of fact and order for judgment on August 23, 1984. The amended orders reflected uncertainty regarding the actual portion of fence built on respondent's land. The trial court consistently ruled respondent's survey was "the true and correct boundary line between the parties."

The trial court eventually ordered appellants to remove all but 51 feet of their fence. Respondent never sought removal of the portion of appellants' driveway that was built on his land, and the trial court ruled appellants could continue to use the driveway as it existed. When appellants bolted the fence to their concrete driveway instead of complying with the court's order, respondent moved the trial court to find them in contempt. Instead of making a contempt finding, the trial court issued an order on January 4, 1985 repeating the substance of its earlier orders and ordering appellants to remove their fence.

### DECISION

Appellants claim the trial court established their driveway as the practical boundary of the parties' property citing *Beardsley v. Crane*, 52 Minn. 537, 54 N.W. 740 (1893). If so, they assert reconstruc-

tion of the fence on their driveway was proper.

The trial court adopted respondent's survey as the actual boundary of the parties' property. The trial court never adopted appellants' driveway as the boundary. The trial court's granting of permission to appellants' continued use of their driveway did not give appellants the right to reconstruct their fence on respondent's property. *See Thomas v. Mrkonich,* 247 Minn. 481, 485, 78 N.W.2d 386, 389 (1956); *Romans v. Nadler,* 217 Minn. 174, 182, 14 N.W.2d 482, 487 (1944).

Affirmed.