*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-1115**

Edward B. Berkner,
Trustee of Berkner Living Trust, et al.,
Appellants,

vs.

Charles Edward Kotten,
Respondent.

**Filed June 15, 2026**
**Affirmed**
**Rasmusson, Judge**

Brown County District Court
File No. 08-CV-21-708

Kevin K. Stroup, Stoneberg, Giles, & Stroup, Marshall, Minnesota (for appellants)

Daniel J. Bellig, Joseph A. Gangi, Farrish Johnson Law Office, Chtd., Mankato, Minnesota
(for respondent)

Considered and decided by Cochran, Presiding Judge; Rasmusson, Judge; and

Cleary, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**RASMUSSON**, Judge

In this appeal, appellants Edward B. Berkner et al. challenge the district court's grant of summary judgment in favor of respondent Charles Edward Kotten.[1] Appellants argue that the district court erred by concluding that adverse possession could not be established because any right to lateral support is dispositive and that no genuine issues of material fact exist regarding their hostile possession of the disputed property. We conclude that appellants' first argument is premised on a misreading of the district court order and thus does not demonstrate error. We then conclude that appellants fail to demonstrate a material fact issue regarding their hostile possession, so the district court did not err by granting summary judgment on their adverse-possession claim.[2] Accordingly, we affirm.

---

[1] Charles Kotten passed away during this appeal, and Rachelle M. Kotten was appointed as personal representative of his estate.

[2] It is unclear from appellants' briefing whether they intend to challenge more than one aspect of the district court's review of the evidence related to the adverse-possession elements. Because we conclude that the district court did not err in its determination related to the hostility element and that determination is dispositive, we need not address any arguments related to the other adverse-possession elements.

**FACTS**

Appellants and respondent own adjoining properties. The properties are represented in the following map, which appeared in respondent's memorandum of law accompanying the motion for summary judgment:



Appellants have a driveway that runs along their eastern property line. The driveway was constructed approximately 70 years ago, and it is built up from the surrounding land. There is a ditch on either side of the driveway with a slope that is inconsistent. Relevant to this appeal is the "backslope on the east side of the driveway."

Appellants contend that Edward Berkner serviced the backslope and the surrounding area over the course of his life-long residence on the Berkner property. He "maintain[ed] the ditch by spraying weeds around poles," "filled in holes . . . when the REA[3] took out an electrical pole," and, "[o]n at least a yearly basis, . . . entered the

_____

[3] We understand this initialism to reference the Rural Electrical Association.

backslope by mowing." Edward Berkner claimed he was the only one who maintained the backslope.

On August 11, 2021, respondent began a project to regrade his property abutting the driveway. This involved removing dirt on his land that was adjacent to the driveway, including a portion of the backslope. Appellants were concerned that this project would impair their necessary use of the driveway and commenced the underlying lawsuit. Relevant to this appeal, appellants claimed a right to lateral support and adverse possession of the backslope. Respondent brought counterclaims against appellants, and both parties filed motions for summary judgment.

Relevant here, the district court granted respondent partial summary judgment on land-related claims, including dismissing appellants' claims for lateral support and for adverse possession of the backslope.

After the district court resolved the summary-judgment issues, the parties either settled or litigated their remaining claims. Appellants then appealed, seeking review of the final judgment. They argue that the district court erred in its conclusions related to their lateral-support and adverse-possession claims concerning the backslope.

## DECISION

### I. The district court's grant of summary judgment on appellants' lateral-support claim was not dispositive of their adverse-possession claim.

Appellants first argue that "the [district] court's ruling on lateral support does not foreclose or render moot the Appellants' claim to adverse possession of the backslope." They assert that "the Order for Summary Judgment determined that Appellant had no right

4

to lateral support and that therefore apparently Appellant could not maintain a claim for adverse possession."

This issue presents a question of law, which appellate courts review de novo. *Advanced Commc'n Design, Inc. v. Follett*, 615 N.W.2d 285, 289 (Minn. 2000). "[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal. . . . [And] the burden of showing error rests upon the one who relies upon it." *Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944).

Appellants' argument is based upon an incorrect reading of the district court order. The district court did not dismiss appellants' adverse-possession claim because it depended on the outcome of their lateral-support claim. To the contrary, the district court explained that appellants' lateral-support argument "depend[ed] on the existence of [appellants'] claim for adverse possession of the backslope." Because the district court "determined [that appellants] have not shown sufficient evidence of [their adverse-possession] claim," their lateral-support "argument fails." In short, the district court concluded that appellants' lateral-support claim failed because their adverse-possession claim failed. Accordingly, the district court granted summary judgment in favor of respondent on appellants' lateral-support claim.

Appellants make no argument that the district court erred by granting summary judgment on their lateral-support claim based on its determination about their adverse-possession claim. Because appellants fail to demonstrate that the district court erred, we will not presume an error.

5

**II.** **The district court did not err when it granted summary judgment in favor of respondent on appellants' adverse-possession claim related to the backslope.**

Appellants challenge the district court's grant of summary judgment in favor of respondent on their adverse-possession claim related to the backslope. "On appeal from summary judgment, [appellate courts review] de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law to the facts." *Harmon v. Comm'r of Revenue*, 894 N.W.2d 155, 159 (Minn. 2017) (quotation omitted); *see* Minn. R. Civ. P. 56.01 (articulating that summary judgment is appropriate only when "there is no genuine issue as to any material fact and [a party] is entitled to judgment as a matter of law"). A genuine issue of material fact exists if a rational trier of fact, considering the record as a whole, could find for the nonmoving party. *Frieler v. Carlson Mktg. Grp., Inc.*, 751 N.W.2d 558, 564 (Minn. 2008). In conducting this review, appellate courts "view the evidence in the light most favorable to the nonmoving party . . . and resolve all doubts and factual inferences against the moving parties." *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015).

To succeed on an adverse-possession claim, a plaintiff must prove, "by clear and convincing evidence, an actual, open, hostile, continuous, and exclusive possession for the requisite period of time which, under our statute, is 15 years." *Ehle v. Prosser*, 197 N.W.2d 458, 462 (Minn. 1972); *see also* Minn. Stat. § 541.02 (2024) (providing that the statutory period is 15 years). It is the adverse claimant's burden "to come forward with the essential facts establishing the elements of adverse possession. The evidence must be strictly construed and amount to clear and positive proof before title by adverse possession will be

6

granted." *Stanard v. Urban*, 453 N.W.2d 733, 735 (Minn. App. 1990) (citation omitted), *rev. denied* (Minn. June 15, 1990).[4] "Failure to establish any one of the five [elements] is fatal to the validity of the claim." *Johnson v. Raddohl*, 32 N.W.2d 860, 861 (Minn. 1948).

The district court determined that no genuine issue of material fact existed as to appellants' hostile possession of the backslope. Quoting *Romans v. Nadler*, 14 N.W.2d 482, 485 (Minn. 1944), the district court explained that "[o]ccasional and sporadic trespasses for temporary purposes, because they do not indicate permanent occupation and appropriation of land, do not satisfy the requirements of hostility and continuity, and do not constitute adverse possession, even where they continue throughout the statutory period." The district court analogized appellants' case to *Stanard*, 453 N.W.2d at 735-36, 735 n.1, in which we determined that mowing and maintaining property every summer, storing lake equipment on property every winter, and allowing children and grandchildren to play on the property were "nowhere near the level of hostile possession under a claim of right necessary to trigger the start of the required 15-year unbroken period." The district court concluded that appellants had "presented even less evidence of hostile possession of the slope than was shown in *Stanard*," and therefore, respondent was entitled to summary judgment on this issue.

On appeal, appellants advance two arguments to support their assertion that the district court erred when it granted summary judgment on their adverse-possession claim

---

[4] In certain instances, there is also a statutory requirement that the adverse possessor must pay property taxes on the disputed parcel for "at least five consecutive years" during the period of adverse possession. Minn. Stat. § 541.02. Neither party argues that this requirement applies, and the district court did not address it; therefore, neither do we.

related to the backslope. Appellants first contend that the district court misapplied the law by relying on *Stanard*. Appellants then argue that the district court erred when it concluded that no genuine issue of material fact exists related to appellants' hostile possession of the backslope. We address each argument in turn.

**A.     The district court did not err by misapplying the law.**

Appellants first argue that the district court misapplied the law by relying on *Stanard*. Appellants assert that the district court should have applied *Compart v. Wolfstellar*, 906 N.W.2d 598 (Minn. App. 2018), *rev. denied* (Minn. Apr. 17, 2018), which they contend articulates a hostile-possession rule that applies when the disputed property is "agricultural property."

In *Compart*, the appellants argued that the district court erred in granting summary judgment because their possession of the disputed property was hostile for the required 15-year statutory period. 906 N.W.2d at 602. The district court concluded that appellants' possession during part of the claimed period was not hostile—and therefore could not count toward the adverse-possession period—because appellants possessed a permissive easement over the property and held a quitclaim deed to the disputed parcel. *Id.*

We reversed the district court's prescriptive-easement decision, explaining that the existence of a prescriptive easement did not necessarily negate hostility for purposes of adverse possession. *Id.* at 603 & n.5. Hostility, we noted, "only requires that one enter and take possession of the lands as if they were his own, and with the intention of holding for himself to the exclusion of all others." *Id.* at 603 (quotation omitted).

8

The easement permitted the appellants in *Compart* to use the property "for ingress and egress and utility purposes over, under and across" the parcel. *Id.* But the appellants presented evidence that they had consistently farmed the disputed property for more than the statutory period. *Id.* Because farming exceeded the limited uses authorized by the easement, the court reasoned that such use could constitute hostile possession. *Id.* Specifically, the court explained that farming "is a use other than entering and exiting property, and is not a 'utility purpose.'" *Id.* Accordingly, we concluded that appellants' farming of the property presented a material dispute of fact related to the hostility element despite the existence of the easement. *Id.*

Appellants argue that the district court erred by relying on *Stanard* rather than *Compart*. But *Compart* does not establish a different legal rule applicable to agricultural property or require a different result under these facts. Although *Compart* involved a dispute over agricultural property, the case from which it draws the hostility rule, *Thomas v. Mrkonich*, 78 N.W.2d 386, 388 (Minn. 1956), did not. *Thomas* involved a dispute over non-agricultural property, specifically an individual's stairway that "encroache[d] a few inches over onto" her neighbor's property. *Thomas*, 78 N.W.2d at 387. Contrary to appellants' assertion, nothing in *Compart* suggests that the court was articulating or adopting a hostility rule specific to agricultural property such that the district court erred by failing to apply it here.[5] Additionally, the facts in *Compart* are not so similar that the

---

[5] Because *Compart* does not articulate a hostility rule specific to agricultural property, we need not decide whether appellants' property is properly characterized as agricultural or residential property.

9

district court erred by failing to rely on it. Appellants make no claim that they had a prescriptive easement and exceeded its terms such that their possession of the backslope should be considered hostile.

Although appellants contend that the district court misapplied the law by relying on *Stanard* rather than *Compart*, the latter case does not establish a different rule or compel a different outcome. We therefore conclude that appellants have not demonstrated that the district court erred in relying on *Stanard*.

### B. The district court did not err by concluding no genuine issue of material fact existed as to appellants' hostile possession of the backslope.

Appellants next argue that the district court erred by concluding that no genuine issue of material fact existed as to their hostile possession of the backslope. Respondent counters that appellants' argument should fail for two reasons: appellants did not cite to record evidence and therefore have not demonstrated a dispute of material fact and, even if they had cited record evidence, the facts they rely upon could not lead a rational trier of fact to find that their possession was hostile.

To establish hostile possession, the claimant must "enter and take possession of the lands as if they were his own . . . with the intention of holding for himself to the exclusion of all others," treating the land in a manner generally associated with ownership of similar property. *Id.* at 388 (quotation omitted); *Ehle*, 197 N.W.2d at 462. Hostility does not require "personal animosity or physical overt acts against the record owner"; rather, it is determined by examining the character of the possession and the claimant's acts of ownership over the land, from which hostile intent may be inferred. *Ehle*, 197 N.W.2d at

10

462; *Carpenter v. Coles*, 77 N.W. 424, 424 (Minn. 1898). Acts such as occupying, maintaining, fencing, or otherwise exercising ordinary dominion over the property may demonstrate hostile possession. *See Romans*, 14 N.W.2d at 485.

Because hostility is one of the elements of adverse possession, whether it has been established is generally a question of fact. *See Ganje v. Schuler*, 659 N.W.2d 261, 266 (Minn. App. 2003) ("Whether the adverse possession elements have been established is a question of fact."). As noted, a genuine issue of material fact exists if a rational trier of fact, considering the record as a whole, could find for the nonmoving party. *Frieler*, 751 N.W.2d at 564. "[I]n order to establish that there is a disputed material fact, the party against whom summary judgment was granted must present specific admissible facts showing a material fact issue." *Doe 76C v. Archdiocese of St. Paul*, 817 N.W.2d 150, 163 (Minn. 2012) (quotation omitted).

Appellants support their claim that a genuine issue of material fact exists by citing the district court order. On appeal, they do not identify portions of the summary-judgment record that create a genuine issue of material fact. As the party asserting that summary judgment is not warranted, they must "present specific admissible facts showing a material fact issue." *Id.* (quotation omitted). Because their argument is not supported by evidence admissible at trial, appellants have not demonstrated a dispute of material fact.

Even if appellants had cited record support, we would still find their argument unpersuasive. They rely on the following to demonstrate a fact issue as to hostile possession: (1) Edward Berkner "maintain[ed] the ditch by spraying weeds around poles"; (2) Edward Berkner "filled in holes . . . when the REA took out an electrical pole";

11

(3) Edward Berkner "[o]n at least a yearly basis, . . . entered the backslope by mowing"; and (4) Edward Berkner claimed he was the only person who maintained the backslope.

Although appellants' actions demonstrate that they tended to the backslope, a reasonable trier of fact could not find that they intended to "hold[] [the backslope] for [themselves] to the exclusion of all others." *Thomas*, 78 N.W.2d at 388 (quotation omitted). These acts are materially different, and lesser in degree, from others that Minnesota appellate courts have determined constitute hostile possession. *See, e.g., Romans*, 14 N.W.2d at 485 (concluding that parts of a lot "enclosed with [a] fence and occupied" and "possessed by the encroachment of [a] garage" constituted hostile possession); *Thomas*, 78 N.W.2d at 389 (concluding that a stairway that "was used constantly by defendant and her family" of which "they made full use of the entire area which it occupied" and "treat[ed] it as their own property" constituted hostile possession); *Compart*, 906 N.W.2d at 603 (concluding that "farm[ing] the property consistently since purchasing the property" constituted hostile possession).

Viewing the record in the light most favorable to appellants, a rational trier of fact could not find that their possession of the backslope was hostile. Therefore, the district court did not err by granting summary judgment in favor of respondents on the adverse-possession claim.

**Affirmed.**