SEYMOUR, SABIN & COMPANY *vs.* CHRISTOPHER CARLI.

July 31, 1883.

| 31 | 81 |
| 44 | 432 |
| 31 | 81 |
| 45 | 403 |

Statute of Limitations—" Seized or Possessed " construed.—The language "seized or possessed," used in the statute limiting the time for the commencement of actions to recover real property, is not to be construed to mean that seizin may be complete without possession, actual or constructive, so as to prevent the statute running in favor of an actual adverse occupant, though a stranger to the legal title.

Same—Actual Possession by one of two Adjoining Owners under Mistake as to Boundary.—Where one of two adjoining owners takes and holds actual possession of land beyond the boundary of his own lot or tract, under a claim of title thereto as being a part of his own land, though under a mistake as to the location of the boundary line, such possession, for the purposes of the statute, is to be deemed adverse to the true owner and a disseizin; and if the disseizor or his grantee is suffered to remain continuously in possession for the statutory period, the remedy of the former is extinguished.

Ejectment. Appeal by plaintiff (a corporation) from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial. The action was tried by Hon. Charles E. Flandrau as referee, on stipulated facts, which are stated in the opinion, and judgment was ordered for defendant.

*Marsh & Searles*, for appellant.

Plaintiff has never been disseized. In order to work a disseizin under our statute of limitations, the possession of defendant at the time it was taken must have been adverse, under claim of title, and with an intention to dispute the title of plaintiff. The only states having a statute similar to ours are Maine, Massachusetts, New York, Illinois, Missouri, California, Iowa, Wisconsin, Oregon, South Carolina and Florida, and the decisions of the courts of these states support the appellant's position. *Figg* v. *Mayo*, 39 Cal. 262; *McNamara* v. *Seaton*, 82 Ill. 498; *Skinner* v. *Crawford*, 54 Iowa, 119; *Grube* v. *Wells*, 34 Iowa, 148; *Dow* v. *McKenney*, 64 Me. 138; *Ross* v. *Gould*, 5 Greenl. (Me.) 204; *Lincoln* v. *Edgecomb*, 31 Me. 345;

v.31—6

*Brown* v. *Gay*, 3 Greenl. (Me.) 126; *Cleaveland* v. *Flagg*, 4 Cush. 76; *Thomas* v. *Babb*, 45 Mo. 384; *St. Louis University* v. *McCune*, 28 Mo. 481; *Houx* v. *Batteen*, 68 Mo. 84; *Brandt* v. *Ogden*, 1 John. 156; *Jackson* v. *Sharpe*, 9 John. 163; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Robinson* v. *Keine*, 70 N. Y. 147.

The defendant having taken possession of plaintiff's land by mistake, and without any claim to title, such possession can only operate as a disseizin from the time that the error is discovered. *Phelps* v. *Henry*, 15 Ark. 297; *Howard* v. *Reedy*, 29 Ga. 152; *Smith* v. *Morrow*, 5 Litt. (Ky.) 210; *Brown* v. *Gay*, 3 Greenl. (Me.) 126; *Ross* v. *Gould*, 5 Greenl. (Me.) 204; *Bradstreet* v. *Huntington*, 5 Pet. 402, 440.

*J. N. & I. W. Castle*, for respondent, cited *French* v. *Pearce*, 8 Conn. 439; *McKinney* v. *Kenny*, 1 A. K. Marsh, (Ky.) 460; *Smith* v. *Morrow*, 5 Litt. (Ky.) 210; *Hunter* v. *Chrisman*, 6 B. Mon. (Ky.) 463; *In re Abbott*, 55 Me. 580; *Hitchings* v. *Morrison*, 72 Me. 331; *Ricker* v. *Hibbard*, 73 Me. 300; *Schnider* v. *Bdtsch*, 90 Ill. 577; *Melvin* v. *Proprietors, etc.*, 5 Met. 15; *Poignard* v. *Smith*, 6 Pick. 172; *Walbrunn* v. *Ballen*, 68 Mo. 164; *Enfield* v. *Day*, 7 N. H. 457; *Hale* v. *Glidden*, 10 N. H. 397; *Overing* v. *Russell*, 32 Barb. 263; *Crary* v. *Goodman*, 22 N. Y. 170; *Washburn* v. *Cutter*, 17 Minn. 335, (361;) *Bradstreet* v. *Huntington*, 5 Pet. 402; *Elmendorf* v. *Taylor*, 10 Wheat. 152; Coke on Littleton, 153, 279.

VANDERBURGH, J.　From the facts found and admitted in this case, it appears that the defendant and his grantors have been in the possession of lot 1, block 19, in the city of Stillwater, for upwards of 20 years; and that plaintiffs own, and they and their grantors have been in the possession of, the adjoining lot, 2, in the same block, except the portion thereof in dispute, for more than 20 years; and "that more than 20 years before the commencement of this action the grantors of the defendant erected a dwelling-house, partly on lot 1 and partly on lot 2," all of said dwelling-house being on said lot 1, except that the rear or west end of the same projected over and into lot 2 for the distance of three 16-100 feet, and the front or east end of the same for the distance of two 4-100 feet;" that ever since its erection, the defendant and his grantors have been in actual possession of the house and land occupied by it.　It was erected by defendant's grantor

under a claim of title to lot 1 only, and was extended over the line of lot 2 under a mistake as to the location of the boundary line, and has always been occupied under a claim of title to lot 1. Neither plaintiffs nor their grantors have been in possession of that portion of lot 2 upon which the dwelling-house stands for upwards of 20 years.

Upon these facts the referee found that the defendant was entitled to judgment.

The sole question involved is the application of the statute in reference to the time of bringing actions to recover real property, which provides that no such action shall be brought unless the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within 20 years before the commencement of the action. (Gen. St. 1878, c. 66, § 4.)

Plaintiffs predicate their right to recover upon the ground that defendant's possession is without color or claim of title to the *locus in quo;* that a distinction is implied between the terms "seized" and  "possessed," used in the statute, and that accordingly the possession of the defendant, under the circumstances appearing in this case, did not work a disseizin of plaintiffs or their grantor; in other words, that while defendant has a naked possession of a part of lot 2 under a claim of title to lot 1 only, the plaintiffs still remained seized. This question must be determined by the legal character of defendant's possession of that part of lot 2 occupied by him. The term "seized" in the statute is not used in contradistinction to "possessed," so as to admit of an interpretation that the legal title or ownership only would be sufficient to prevent the statute running as against the true owner, though a stranger be in the actual occupancy, *pedis possessione,* of the land in dispute. The title of the owner of a freehold estate is described by the terms "seizin," or "seizin in fee;" yet, in a proper legal sense, the holder of the legal title is not seized until he is fully invested with the possession, actual or constructive. When there is no adverse possession, the title draws to it the possession. There can be but one actual seizin, and this necessarily includes possession; and hence an actual possession in hostility to the true owner works a disseizin, and, if the disseizor is suffered to remain continuously in possession for the statutory period, the remedy of the former

is extinguished. *Melvin* v. *Proprietors, etc.*, 5 Met. 15, 33; *Towle* v. *Ayer*, 8 N. H. 57; Sedg. & W. on Title to Land, §§ 728, 737; Wood on Limitations, § 256.

In the case at bar, the defendant certainly has no color of title to lot 2, yet he or his grantors entered upon the particular portion thereof under a claim, though mistaken, that he was entitled to it as being a part of lot 1, and, in so far as their possession has been an actual occupancy, it should be deemed exclusive, adverse, and hostile to the plaintiffs. The contention of the plaintiffs is sustained by the decisions of the courts of some of the states, on the theory that the possession beyond the true boundary line in such cases is through mistake, and accidental, rather than adverse; that the claim of the intruder must be as broad as his possession; and that, as his claim is limited to the lot or tract he owns, his possession must also be, constructively, likewise limited; and that his occupancy is not to be deemed accompanied with an intention to claim against the true owners.

In view of what seems to us to be the plain, practical purpose of the statute which deals with the question of actual possession by the adverse claimant in such cases, this reasoning does not appear to be sound, and we are unable to assent to the conclusions sought to be reached by it. The result would be, in the case at bar, that the statute would never run, whatever might be the character of the occupancy or improvements, or the length of time continued. The intention of the defendant or his grantor to assert an adverse claim to the disputed tract is manifested by his acts in improving and occupying it under such apparent claim, and such is the legal presumption upon the facts found. Sedg. & W. on Title to Land, § 749. They took possession of the land in question as a part of lot 1, and intended to claim it as their own, though they were mistaken as to the boundary. The object of the statute is to quiet titles and end disputes. If the plaintiffs have a cause of action in ejectment, there would seem to be no good reason why the statute should not run against it, as in other cases where the possession of land is withheld. It is the policy of the law that parties should assert their claims to the possession of land, and rectify their boundaries, within the statutory term.

Those cases are to be distinguished where parties are permitted to inclose, by consent, lands adjoining their own, or, for temporary convenience, to extend fences or improvements beyond boundary lines. In such cases possession is taken in amity, and in recognition of the owner's title, and the occupancy, not being adverse in its inception, does not become so until notice or an assertion of an adverse claim. Wood on Limitations, § 263.

Upon the facts in this case, we conclude that the actual, exclusive possession of the defendant and his grantors must, to the extent of their occupancy, be deemed adverse, whether the original entry and possession thereunder were by mistake or not. *Crary* v. *Goodman*, 22 N. Y. 170, and cases cited; *Swettenham* v. *Leary*, 18 Hun, 284; *Cole* v. *Parker*, 70 Mo. 372; *Melvin* v. *Proprietors*, 5 Met. 15, 33; *Enfield* v. *Day*, 7 N. H. 457; *French* v. *Pearce*, 8 Conn. 439.

Order affirmed.