BENJAMIN F. BROWN *vs.* THOMAS MORGAN.

November 1, 1890.

**Adverse Possession Conferring title to Land.**—An actual, open, notorious, exclusive, and continuous possession of land for 20 years, by one claiming to own the same in fee-simple, and who supposed that he had title by grant, is effectual to confer title.

Action of ejectment for land in Hennepin county, brought in the district court for that county, and tried by *Lochren*, J., who ordered judgment for defendant, which was entered, and the plaintiff appealed.

*D. A. Secombe*, for appellant.

*Carman N. Smith*, for respondent.

DICKINSON, J.   The question for decision on this appeal is whether the facts, as found by the court, show a title in the defendant acquired by adverse possession of the two acres of land in controversy. It appears from the findings that more than 20 years prior to the commencement of this action a tract of land was conveyed to the defendant, which, as the latter supposed, included the two acres, although in fact it did not, the land in question being adjacent to that conveyed to the defendant.   The defendant, supposing that his grant included the two acres, went into possession of the land actually conveyed as well as of the two acres, resided in a house standing on the land conveyed, constructed fences so as to embrace the two acres within the inclosure of the land conveyed to him, broke and continuously cultivated the two acres from year to year up to the time this action was commenced.   The court finds, as a fact, that for more than 20 years previous to the commencement of this action, the defendant had been in the actual, open, notorious, visible, and exclusive possession of this land, and during all that time had claimed to be the owner of it in fee-simple.   This finding is sufficient to justify the conclusion that the title had vested in the defendant by adverse possession.   In principle the case is like that of *Seymour* v. *Carli*, 31 Minn. 81, (16 N. W. Rep. 495.)   The fact that the defend-

ant's actual, notorious, and exclusive possession was accompanied by a claim of ownership in fee rendered his possession adverse or hostile to the title of the real owner. This adverse possession was effectual to vest the title in him, although he supposed that the land had been actually conveyed to him before he entered into possession.

Judgment affirmed.