JONAS F. BROWN v. ANNA KOHOUT and Others.[1]

May 13, 1895.

Nos. 9232—(42).

**Adverse Possession.**

Evidence considered, and *held* sufficient to justify the verdict that the defendants and their ancestor had been in the adverse possession of the demanded premises for 15 years next before the commencement of this action.

[1] Reported in 63 N. W. 248.

Parties— Substitution.

G. S. 1894, § 5171, construed, and *held* that, where an interest in the sub-
ject-matter of an action is transferred pending the action, it is a matter
of discretion on the part of the court whether the assignee shall be sub-
stituted as a co-plaintiff, or the action shall proceed in the name of the
original party.

Adverse Possession —Declarations of Ownership.

In an action of ejectment, where the defense is adverse possession, dec-
larations by a deceased party, through whom the defendants claim title,
and who the evidence tends to show was at the time in the possession
of the premises in dispute, to the effect that he was the owner thereof,
are competent as tending to characterize his possession, and to show that
it was under claim of title in himself.

View by Jury.

Whether or not there shall be a view of the premises by the jury rests
in the discretion of the court. Such discretion was properly exercised
in this case.

Appeal by plaintiff from an order of the district court for Ram-
sey county, Kelly, J., denying a motion for a new trial. Affirmed.

*W. S. Dwinnell*, for appellant.

*E. E. McDonald*, for respondents.

START, C. J.[2]  This action was commenced February 16, 1891,
to recover the possession of certain real estate situated on the Up-
per Levee Flats, in the city of St. Paul. The defense is that the
respondents and their ancestor have been in the actual, exclusive,
continuous, and adverse possession of the premises, under claim of
title, for more than 15 years next before the commencement of the
action. After a trial by jury there was a verdict for respondents,
and from an order denying his motion for a new trial the appel-
lant appealed.

1. The appellant was entitled to a verdict in his favor, unless
the respondents established their title by adverse possession, and
the first and serious question for our consideration is whether the
verdict in favor of the respondents is sustained by the evidence.
It is claimed by respondents that as early as 1868 Frank Kohout,
through whom they claim title, with his family went into possession
of a tract of land on the Upper Levee Flats, which included the

[2] Collins, J., absent, took no part in the decision.

particular tract in controversy; that he built a house thereon, and fences, so as to inclose, in connection with certain natural obstructions and boundaries, the entire tract, and used the whole thereof for a residence, garden, meadow, and pasture; that such inclosure and use were continuous, under a claim of title, open, hostile, and adverse, until his death, on December 11, 1888; and that his children and widow, the respondents, have ever since so occupied and used the land in controversy. The appellant admits that Frank Kohout did, at or about the time claimed, settle on the flats, and built a house on and a fence around certain lots, but denies that the particular property here in question was ever included with the land occupied by him, or that he ever built fences thereon, used or occupied it, continuously or otherwise, prior to the year 1888. It is not claimed by respondents that Kohout entered into possession of any part of the tract occupied by him under claim of title based upon any deed or other written instrument; hence the rule, as stated in the case of Murphy v. Doyle, 37 Minn. 113, 33 N. W. 220, to the effect that where a party has been in the adverse possession for the statutory period of a part of an entire tract, described in the deed under which he entered, he will be deemed to have been in the adverse possession of the whole tract, has no application to this case. Therefore, the burden in this case was upon the respondents to show Kohout's continuous adverse possession of this particular parcel of land in controversy; that he exercised dominion over it, and kept his flag of invasion and conquest flying, and thereby timely advised the true owner that an enemy was in possession and asserting a claim to his estate. His claim could not extend beyond actual occupancy. Continued acts of ownership, occupying, using, and controlling as owner, constitute the usual and natural mode of asserting and exercising such dominion and claim of title. While much will depend on the nature and situation of the property, and the uses to which it is adapted, yet in all cases it must be a possession which is accompanied by the real and effectual enjoyment of the property. It must be actual, visible, and exclusive, as well as hostile. Wood v. Springer, 45 Minn. 299, 47 N. W. 811. We have examined the evidence as to Kohout's adverse possession of the particular tract described in the complaint in the light of these elementary rules. It will serve

no useful purpose to burden our records with any statement or analysis of the evidence, which is radically conflicting, and consists of the testimony of some 40 witnesses. We content ourselves by stating the conclusion reached from such examination, which is that, while the verdict is not the one we would have rendered if it was our province to decide the facts, still there is ample evidence in the case to support the verdict establishing respondents' claim of adverse possession, if the respondents' witnesses were not mistaken in their testimony. Of this, it was the province of the jury to judge. The evidence was nearly all oral, and the question one peculiarly within the province of the jury to solve; and, the verdict having been approved by the trial court, we are of the opinion that it is not so palpably and manifestly against the weight of the evidence as to justify any interference with it by this court.

2. On the opening of the trial, counsel for appellant moved the court, without previous notice, that D. M. Robbins be made a co-plaintiff, on the ground that he had acquired, pending the action, an interest in the land. The motion was denied, and this ruling is assigned as error, on the ground "that it was a matter of right on the part of Mr. Robbins, as between himself and respondents, to be made a party plaintiff." If he had such right, it will be time enough for us to inquire whether he has been prejudiced or not when he appeals. In any event, the matter was one of discretion on the part of the trial court, and that discretion was properly exercised. G. S. 1894, § 5171.

3. It was not error for the trial court to permit the respondents to show by the witness Thorwald declarations of Frank Kohout, deceased, to the effect that he owned the land they claimed he was in possession of at the time the declarations were made. The declarations tended to characterize such possession, and show that it was under claim of title. 1 Greenl. Ev. § 109. For the same reason, the evidence of the witness McMillan to the effect that when he purchased and sought to take possession of land north of the tract in dispute, but within the general inclosure, as respondents claim, Kohout resisted his claim, and compelled him to buy from him, was admissible. It is true that the appellant did not concede, but, on the contrary, denied, that the McMillan tract was in the same inclosure as the land in controversy. There was, however,

sufficient evidence in the case tending to support the claim of the respondent to justify the admission of the evidence, for whether or not both tracts were a part of the same inclosure was for the jury.

4. The court did not err in refusing to strike out the testimony of the witnesses of the respondents relating to the Stebbins lease, which the appellant put in evidence. This lease embraced land which was a part of Frank Kohout's alleged inclosure and on which were located his buildings, and, among other things, recited that the lessor, Stebbins, is the owner in fee of the land, and the lessee, Kohout, is a squatter only, without any claim of title. Mr. Pusey, the agent of the lessor in the transaction, had testified that he had a conversation with the lessee in the English language; that the object of the lease was explained to him, and he understood it. The lease was received in evidence to prove a declaration of Kohout against his interest, and as tending to show an admission on his part that his possession of the whole inclosure was without claim of title. It was competent, therefore, in rebuttal, to show the circumstances under which the declaration or admission was made, and whether or not Kohout could read, speak, or understand the English language. For this purpose the evidence was properly received. If it was competent for the appellant to give evidence that he did understand the recital in the lease, surely the respondents were entitled to rebut it.

5. The objection to appellant's offer in evidence of the judgment rolls and files in the cases of Upper Syndicate v. Kohout, Hankey v. Kohout, and Stebbins v. Kohout was properly sustained.[3] Neither the appellant, nor any person under whom he claims, was a party to any of those actions, and no question of former adjudication or estoppel is involved. They had no tendency to show that Kohout did not claim the property sought to be recovered in those actions. The rejection of this evidence did not preclude the appellant from showing the location of the fences after a decision of those actions, who built and maintained them, and his reliance

[3] The cases named were cases in the district court for Ramsey county in the nature of ejectment, and having reference to certain property included within the general inclosure upon which respondents relied to establish their adverse claim in this case.

thereon as indicating that Kohout was not in 'the adverse possession of the land in dispute.

6. A view of the premises by the jury was ordered by the court, against appellant's objection. This was a matter resting in the discretion of the trial court, and it was not abused. There were a number of maps, plats, and photographs of the premises introduced in evidence; and while it may be true that these were sufficient to enable the jury, if accustomed to the examination of maps and plats, to understand the situation of the locus in quo, yet to one not so accustomed an actual view of the ground would materially assist in understanding the maps and plats, and applying the evidence. When the jury requested such additional assistance, it was proper for the court to grant the request, with such instructions as were necessary to prevent any misapprehension on the part of the jury as to the object of the view. Such instructions were given, and there is no reason to believe that the appellant was prejudiced by the action of the court.

7. The remaining assignments of error were not urged by appellant's counsel either in his brief or on the argument, and we have not considered them.

Order affirmed.