CHARLES W. WEEKS v. CHARLES UPTON.[1]

November 30, 1906.

Nos. 14,909—(104).

**Adverse Possession.**

Title by adverse possession may be acquired under a claim of title, although the interested parties were mistaken as to the true boundary line. Seymour, Sabin & Co. v. Carli, 31 Minn. 81.

**Same—Evidence.**

The evidence supports a finding that the eighteen-inch strip of land under the eaves of the barn was not held by respondent under an easement, but was in his adverse possession and occupied by him in connection with the balance of the disputed property for more than twenty years.

Action in the district court for Hennepin county to recover possession of the strip of land described in the opinion. The case was tried

[1]Reported in 109 N. W. 828.

before Brooks, J., who found in favor of the plaintiff. From an order denying a motion to vacate the decision and for a new trial, defendant appealed. Affirmed.

*Tryon & Booth,* for appellant.

*William P. Roberts,* for respondent.

LEWIS, J.

Block twenty three of Mill Company's addition to the town of St. Anthony Falls, as platted, contained twelve lots, each of which had a frontage of sixty six and a half feet and a depth of one hundred sixty five feet. Lot one, being the southeasterly lot, and lot twelve, the northeasterly lot, in the block, abutted at the rear. Except as to a three-foot strip at the rear, appellant has been the owner in fee and in occupancy of lot twelve ever since 1857, and respondent has been the owner in fee of lot one since 1868, and since September, 1869, has continuously resided upon and occupied the same.

This action was brought by respondent to recover possession of a rectangular strip of land, three feet wide and sixty six and a half feet long, extending across the rear end of lot twelve.

When respondent became the owner of lot one, and entered into possession thereof, a barn, 12x16 feet, stood upon the rear of the lot, and in part upon the three-foot strip, and a board fence was located between the corners of the barn and the edges of the lot; the barn and fence marking the supposed northerly boundary line of lot one. Within a year from the time respondent entered into possession of lot one, appellant notified him that the eaves on the northerly side of the barn were overhanging on his lot, causing the drippings of water to fall on his land, to which he objected, and it was thereupon agreed that respondent should either cut off, or otherwise remove, the projecting eaves. In 1872 respondent removed the old barn and built a new one, located a sufficient distance to the south so that the eaves came in line with the line formerly occupied by the old barn. In 1882 an addition was built to the barn on the northwesterly side, and the fence on that side was rebuilt to connect with the corner of the new barn. A driveway of planks and sand, or gravel, was also constructed from the street to the barn on the southeasterly side, and occupied all of the three feet in dispute. The barn, fence, and driveway practically remained in that

condition until 1905, when they were removed for the purpose of erect-ing a new building.

The court found the facts as above stated, and, further, that during all of the time from 1872 to 1901 the parties believed the true boundary line between the lots was at the point where the barn, fence, and drive-way were rebuilt in 1872, and during all that period acquiesced in such line as the boundary line, and respondent maintained actual possession and occupancy of all of that portion of lot one, and of the three-foot strip of lot twelve, with the knowledge, consent, and acquiescence of ap-pellant; that during all of the time from 1869 to 1901 respondent main-tained actual, open, notorious, and exclusive possession and occupancy of the three-foot strip in question under a claim of title in fee, adverse to any claim or right of appellant. Judgment ordered for respondent.

Appellant asserts the evidence does not justify a finding that the par-ties practically adopted the boundary line and acquiesced therein, or that respondent acquired title by adverse possession as to that portion of the three-foot strip which was not actually occupied by the barn, viz., that part lying under the eaves about eighteen inches. This claim is based upon the proposition that appellant was in constructive posses-sion of the entire portion of lot twelve, and that whatever agreement was made between the parties rested upon a mistake as to the true bound-ary line, and since the true boundary line might have been made cer-tain by a survey, the parties were not bound by any acts of acquies-cence except as to that portion actually taken possession of.

It seems to us that these contentions are completely answered in the case of Seymour, Sabin & Co. v. Carli, 31 Minn. 81, 16 N. W. 495. In that case it was claimed that possession beyond the true boundary line was through mistake and accidental, rather than adverse; that the claim of the intruder must be as broad as his possession; that, as his claim is limited to the lot or tract he owned, his possession must al-so be, constructively, likewise limited; and that his occupancy was not to be deemed accompanied with an intention to claim against the true owners. But it was held that it was the plain, practical purpose of the statute to deal with the actual possession of the adverse party, as oth-erwise the statute would never run, whatever might be the character of the occupancy, improvements, or length of time possession had con-tinued.

In this case the intention to assume adverse possession was manifested by maintaining the barn, fence, and driveway under an apparent claim of title. That both parties were mistaken as to the true boundary line does not change the nature of the possession. Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736. The right which respondent acquired in the eighteen-inch strip under the eaves was not by an easement. There are no facts to warrant such a conclusion. On the contrary, the finding (supported by sufficient evidence) is that the entire strip, three feet in width, was in possession of respondent and occupied by him for the very purpose of dripping water from the roof on that side of the barn. The same is true as to the driveway. While its entire width was not actually traveled upon in driving into the barn, it extended to the northerly side of the three-foot strip, and the land was thus occupied adversely to appellant.

Order affirmed.