## FRANK MAREK v. M. J. HOLEY.[1]

October 25, 1912.

Nos. 17,705—(43).

**Ejectment — location of boundary — new trial.**

     Action to recover possession of land, to which plaintiff claimed title by reason of a practical location of the boundary line, acquiesced in by the parties; also by adverse possession. Verdict for the defendant, and a new trial was granted, on the ground that the verdict was not justified by the evidence. *Held*, that the evidence was not so manifestly in favor of the verdict that it was error to grant a new trial.

Action in the district court for Le Sueur county to recover possession of a certain strip of land and $100 damages for its retention. The complaint alleged that in June, 1888, all the owners of the lands located in the section mentioned in the opinion united in having the same surveyed and the boundaries of each tract established; that by such survey the east boundary line of government lot 2 was duly established and agreed to by Joseph Marek, the owner of that lot, and the owners of the land lying directly east thereof; that immediately after the completion of the survey he took possession thereof, and remained in actual, open, continuous and exclusive possession of the same under claim of title thereto until January 31, 1898, when he conveyed the same to plaintiff, who took immediate possession of the lot and of the whole thereof, as established by the survey, and remained in actual, open, continuous and exclusive possession.

1 Reported in 137 N. W. 969.

thereof until the month of October, 1910, when defendant wrongfully took possession of a strip of plaintiff's land along the east side thereof, more particularly described in the complaint. The answer specifically denied the foregoing allegations of the complaint, and alleged that the true and correct boundary line between the lands as established by the United States government survey thereof was well known and marked upon the ground, and denied that at the time of the commencement of the action, or at any time, defendant was attempting to or did enter upon the land not owned and occupied by him, and within his true boundary line as established by the United States government survey thereof.

The case was tried before Morrison, J., and a jury which returned a verdict in favor of defendant. Plaintiff moved for judgment in his favor notwithstanding the verdict or for a new trial. The motion for judgment was denied, and the motion for a new trial granted. From the order granting a new trial, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.
*Charles C. Kolars,* for respondent.

START, C. J.

This action was brought in the district court of the county of Le Sueur to recover possession of a strip of land, varying in width from thirteen to twenty-three feet, in section 25, town 111, range 24, which is particularly described in the complaint herein. It is undisputed that the defendant owns the land adjoining the strip in controversy on the east, and that the plaintiff owns the land adjoining it on the west.

On the trial of the case there was evidence on the part of the plaintiff tending to show that in 1888 a survey was made of the line between the tracts of land respectively adjacent to the strip, that the line as surveyed was indicated and marked on the ground, that the parties thereafter recognized and treated such line as the true boundary line, and that it showed the strip in question was a part of the plaintiff's land. There was also evidence on behalf of the defendant tending to show that such line was not correct, and was never so

treated by the parties, and that a subsequent and correct survey showed that the tract was a part of the defendant's land. The plaintiff also claimed the strip by adverse possession. The trial court submitted the respective claims of the parties to a jury, and a verdict was returned for the defendant. Thereupon the plaintiff made a motion for judgment notwithstanding the verdict or for a new trial, on the ground that the verdict was not justified by the evidence. The trial court denied the motion for judgment, and made its order granting the motion for a new trial on the ground stated. The defendant appealed from the order.

The sole question presented by the record is whether the evidence was so manifestly and palpably in favor of the verdict that it was an abuse of discretion for the trial court to grant a new trial. It is the contention of the defendant that the evidence is conclusive that the strip of land in question is in fact within the original boundaries of the land adjacent thereto which he owns. This may be conceded for the purpose of this appeal only. If, however, there was a practical location of the land by the parties, which was acted upon by them for such length of time as to bar a right of entry under the statute of limitations, or by the express agreement of the parties, which was mutually acquiesced in, or if the plaintiff was in the adverse possession of the strip for fifteen years, the defendant is not the owner of the land in dispute, nor entitled to its possession.

The record discloses evidence tending, in some degree, to show a practical location of the boundary line in accordance with the survey made in 1888, and also that the plaintiff and his father, through whom he claims, had been in the adverse possession of the land for more than fifteen years before the commencement of the action. It is true, as counsel for defendant claims, that to constitute title by adverse possession there must have been an intention on the part of the possessor to claim title against the true owner; but we do not concur in the further contention that the evidence is conclusive that the plaintiff did not so intend, for what his intention was in this respect, as disclosed by his testimony, was fairly a question for the jury.

It is also claimed that the plaintiff cannot tack the possession of

the land of his grantor, his father, to his own to make the fifteen years of alleged adverse possession, because the land in dispute was not included in the description of the land in the deed. To make out adverse possession of land, so as to bar an action for its recovery, the possession of several successive holders may be tacked together; but privity between them is essential. Such privity exists between two successive holders, when the later takes under the earlier by descent, will, or grant, or by a voluntary possession. 1 Dunnell, Minn. Digest, § 117.

There was evidence in this case tending to show that the plaintiff received possession of the disputed strip on the delivery of the deed to him by his father. Our conclusion, based upon a consideration of all of the evidence, is that the preponderance of the evidence is not so palpably in favor of the verdict as to indicate any abuse of discretion by the trial judge in granting a new trial.

Order affirmed.