# IN RE APPLICATION OF ANNABEL SWAN KELLEY TO REGISTER TITLE.

# ANNABEL SWAN KELLEY v. AUGUSTUS S. GREEN AND OTHERS.

## IRA H. DERBY, RESPONDENT.[1]

February 21, 1919.

No. 21,094.

**Adverse possession — evidence of possession for 15 years sufficient.**

1. The evidence sustains the finding of the court that defendant and his predecessors were in adverse possession of a strip adjoining a city lot owned by them, for more than 15 years. Although the court found adverse possession for a period of 26 years, it is not necessary that the proof establish it for more than 15 years.

**Same — payment of taxes by claimant.**

2. Where the owner of lot 9 claims the title by adverse possession to an adjoining strip of lot 10 not separately assessed, it is not necessary under G. S. 1913, § 7696, that he should have paid taxes on the disputed strip.

**Same — privity of possession by successive occupants.**

3. Privity between successive occupants is essential, in order that the periods of their occupancy may be tacked together, but such privity exists where the later occupant takes under the earlier by voluntary transfer of possession.

**Same — possession by tenant possession by landlord.**

4. Possession of a tenant is, as to third parties, the possession of the landlord, and may be taken into account in determining the period of adverse possession.

**Same — continuity of possession.**

5. The occupant's temporary absence from premises used as a home does not break the continuity of his possession.

[1] Reported in 170 N. W. 922.

**Same — immaterial evidence.**

6. The fact that the occupant supposed the strip to be part of his own lot is not important.

Application to register title to lot 10, block 37, St. Anthony Park North. The facts are stated in the opinion. The matter was heard before Dickson, J., who made findings and ordered judgment in favor of defendant Derby as to that portion of lot 10, block 37, lying east of a line drawn parallel to the platted east line of lot 10 and lying 8 feet west of the water table on the west side of the dwelling house situated upon lot 9 in said block; that plaintiff was entitled to the remainder of lot 10 lying west of said line. From an order denying her motion for a new trial, applicant appealed. Affirmed.

*William G. White,* for appellant.

*O'Malley & O'Malley,* for respondents.

HALLAM, J.

This proceeding was commenced by appellant to register title to lot 10, block 37, St. Anthony Park North in St. Paul. Appellant has the record title to lot 10. Respondent has the record title to lot 9 which lies east of lot 10. In his answer respondent claims title by adverse possession to a strip lying between the boundary line between lots 9 and 10 and a line parallel to and eight feet west of the water table of the house on lot 9. This describes a strip wholly within lot 10. The ownership of this strip by adverse possession is the only issue tendered by the pleadings, and this is the only claim of title to this strip asserted by respondent on this appeal.

There is some testimony which might give color to a claim that the line now claimed was the platted line between lots 9 and 10, and appellant claims that the trial court so found, and much of appellant's brief is devoted to argument that such a finding is not sustained by the evidence. We do not so understand the findings of the trial court. The court found that respondent and his predecessors occupied the disputed strip in the belief that its west line was the true west line of lot 9, and there is no finding that it is so. The finding is that respondent has title to the disputed strip by adverse possession. There is no issue in the case as to the location of the line between lots 9 and 10. The disputed

strip concededly lies within lot 10. The sole issue on this appeal is whether the finding of adverse possession of it can be sustained.

1. There is evidence tending to show the following state of facts: In 1886 B. F. Meek bought lot 9. The whole block was then unimproved. Meek built a home upon lot 9 and moved in in December, 1886. He built so near the west line of lot 9 that the eaves of the bay window overhang the line. "Just inside" the west line of the disputed strip, he planted a row of trees. He made a garden, and made a lawn extending to the row of trees, and used the dirt from the excavation to make a small terrace at the front of his lot extending nearly to the trees. In 1890, being about to lose the property on mortgage foreclosure, he turned it over to the mortgagee, and moved out. Mrs. M. M. Martin became a tenant of the mortgagee-owner in 1891, and purchased the property in 1892, and continued in possession until she sold to respondent in September, 1908, except for temporary absence of three months in California in 1908. Two of the row of trees were there when she took possession. One still stands. Mrs. Martin cut the grass and cared for the lawn as far as the line of the trees. In 1898 a Mr. Kennedy acquired lot 10 and built a house upon it, and defendant's evidence is that in 1898 he graded the rear portion of his lot to the line of the trees and at some time planted shrubbery on that line. Next year Mrs. Martin sodded to the line graded by Kennedy, made a terrace there, kept it trimmed as part of her lot, and planted flowers from time to time along the edge of the terrace. Mrs. Martin sold to respondent in 1908. Respondent moved in and took care of the lot to the line of the trees until a controversy arose over the title about 1913. Since that time there has been a race between the two adjoining proprietors as to which could first mow and care for the disputed strip. In each case of transfer in defendant's chain of title, the deed called for lot 9, but the court found that each of the grantors delivered to his grantee, possession of the disputed strip.

The court found adverse possession of this property for "at least twenty-six years." It does not follow, as appellant claims, that the decision must fall if we should consider that the period proven was less than 26 years. Adverse possession for any consecutive period of 15 years is sufficient to sustain the decision.

To sustain title by adverse possession, the possession must be actual, open, notorious, continuous, exclusive and hostile under claim of right. Todd v. Weed, 84 Minn. 4, 86 N. W. 756. Bearing this rule in mind, we think the evidence is sufficient to sustain a finding of adverse possession for more than 15 years.

2. Appellant cites the first proviso of G. S. 1913, § 7696. This provides that adverse possession shall not be a bar to recovery of land disseized, unless it appears that the party claiming title by adverse possession, or his predecessors, shall have paid taxes on the land for at least five consecutive years during the period of alleged adverse possession. By the terms of the statute, this proviso applies only to land "assessed as tracts or parcels separate [and apart] from other real estate," and it does not apply "to actions relating to the boundary line of lands, which boundary lines are established by adverse possession, or to actions concerning lands included between the * * * platted line and the line established by such adverse possession." It is plain that the proviso as to payment of taxes has no application to this case.

3. It is not necessary that the property should have been in the possession of the same party for the whole statutory period. The possession of several successive holders may be tacked together if there is privity between them. Such privity exists between two successive holders when the latter takes under the earlier by voluntary transfer of possession. It is not necessary that the deed from the one to the other should describe the tract adversely occupied. Marek v. Holey, 119 Minn. 216, 137 N. W. 969. We think privity was established between the successive occupants in this case.

4. The possession of a tenant is, as to third parties, the possession of the landlord. Mrs. Martin's possession for a time as tenant may properly be taken into account in determining the period of adverse possession. Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736.

5. Her temporary absence for three months on a trip to California did not break the continuity of her possession. Hubbard v. Swofford Bros. Dry Goods Co. 209 Mo. 495, 108 S. W. 15, 123 Am. St. 488; Montgomery & M. Co. v. Quimby, 164 Cal. 250, 128 Pac. 402.

6. The fact that defendant and his predecessors supposed they were

occupying lot 9 is not important. "Where one of two adjoining owners takes and holds actual possession of land beyond the boundary of his own lot or tract, under a claim of title thereto as being a part of his own land, though under a mistake as to the location of the boundary line, such possession, for the purposes of the statute, is to be deemed adverse to the true owner and a disseizin." Seymour v. Carli, 31 Minn. 81, 16 N. W. 495.

Order affirmed.