D. M. FREDERICKSEN v. OTTO HENKE.[1]

May 28, 1926.

No. 25,200.

**Finding sustained that plaintiff could maintain statutory action.**

    1. The finding that the plaintiff was in such possession of land as to maintain the statutory action to determine adverse claims is sustained.

**Elements necessary to constitute adverse possession.**

    2. The finding of the necessary elements to constitute adverse possession is sustained.

[1]Reported in 209 N. W. 257.

**Tacking possession of successive occupants.**
3. The possession of successive occupants who are in privity may be tacked to make possession for the statutory period.

**When possession beyond boundary line is adverse.**
4., Possession beyond a boundary line under mistake as to the true line, but with an intent to appropriate, is adverse.

**When failure to pay taxes does not prevent adverse possession.**
5. A failure to pay taxes on a portion of an adjoining tract of land, assessed as one tract, does not under the provisions of the statute, G. S. 1923, § 9187, prevent adverse possession of the portion actually occupied.

**Title acquired by adverse possession is not lost by cessation of possession.**
6. A title acquired by adverse possession is a legal title, though not a record title, and is not lost by the ceasing of occupancy.

Adverse Possession, 2 C. J. p. 58 n. 51; p. 83 n. 20; p. 84 n. 26; p. 85 n. 35; p. 116 n. 9; p. 129 n. 83 New; p. 141 n. 68; p. 204 n. 14; p. 254 n. 78; p. 256 n. 96; p. 279 n. 66 New.
Quieting Title, 32 Cyc. p. 1335 n. 18; p. 1372 n. 24.

See notes in 21 L. R. A. 821; 33 L. R. A. (N. S.) 923; 1 R. C. L. p. 730.
See 1 R. C. L. p. 690; 1 R. C. L. Supp. p. 233; 4 R. C. L. Supp. 46.

Otto Henke appealed from a judgment of Tifft, J., in favor of plaintiff in an action in the district court for McLeod county. Affirmed.

*William O. McNelly,* for appellant.
*Sam G. Anderson,* for respondent.

DIBELL, J,

Action under the statute to determine adverse claims to land. There were findings and judgment for the plaintiff. The defendant Otto Henke appeals.

The plaintiff is the owner of government lot 8 in section 8-117-29 in McLeod county. He claims to be the owner by adverse posses-

sion of a portion of the adjoining government lot 9 in the same section. The defendant Henke is the owner of lot 9 unless his title to the portion claimed by the plaintiff has been divested by adverse possession.

1. To maintain his statutory action to determine adverse claims the plaintiff must be in possession or the lands be vacant. G. S. 1923, § 9556. The court finds possession in the plaintiff. At a time shortly before the institution of this action there was trouble over the boundary between the two lots. It is probable that it then first became known that the portion in dispute belonged to lot 9. The defendant trespassed upon lot 8, and shifted a fence so as to occupy a part of it. The plaintiff brought an action of trespass. There was a restraining order against the defendant. The evidence is confusing as to just what was done, but it seems probable that the parties decided to leave possession as it had been, or at least that it should not be in the defendant, and that the controversy should be determined in court in an orderly way. If the disputed land was left vacant, the action can be maintained. It is only when there is occupancy by some one other than the plaintiff that the action will not lie. Upon careful consideration of evidence not at all conclusive and sometimes uncertain and unsatisfactory we sustain the finding of possession in the plaintiff. We do not overlook the rule that one in possession, by claiming title and asking affirmative relief, may waive all question as to vacancy or possession. Dun. Dig. § 8044. Whether the evidence makes the rule applicable we do not determine.

2. The property in dispute is described in the complaint as "all that portion of lot nine (9) in section eight (8)  *  *  *  lying between the south boundary of lot eight (8)  *  *  *  and the northerly shore line of Lake Hook in said section eight (8)."

The easterly boundary of lot 8 and most of its southerly boundary is the irregular shore line of Lake Hook, a meandered lake. The northerly boundary of lot 9 is a line extending from the lake east to the north and south section line between sections 8 and 7. The easterly 600 feet of this line is a common boundary between lots 8 and 9, and the west line of lot 8 is at the east end of the 600 foot

line, extending northerly from that point. The portion of lot 9 in dispute is southerly of lot 8 and has the 600 foot line as its northerly boundary and the lake as its easterly and southerly boundary. Except as the size of the government lots were better equalized by putting the disputed portion in lot 9 it might as well have been made, so far as can be seen, a part of lot 8.

There is evidence that in 1884 or 1885 Haine, the owner of lot 8, built a fence along his westerly line and extended it to the lake disregarding his actual southern boundary as represented by the 600 foot line extending west from the lake. There is some dispute as to whether the first fence went so far as the lake, but the evidence is ample that it was there for 30 or 40 years at the least. The possession of Haine was continued by those taking through him as his heirs, and by others taking by conveyance or by descent. In 1923 the plaintiff purchased. The disputed portion was pastured, timber was cut from it, some brushing was done, and one year some cropping small in amount and unsuccessful in result was attempted. The land was used and devoted to purposes for which it was appropriate in view of its character and location. The farm buildings were upon the northeast part of lot 8. The disputed portion was used in connection with the rest of the lot. To constitute adverse possession it is not essential that the adverse possessor actually live upon the land which he claims. It is enough that it is occupied and applied to the uses for which it is fit. Costello v. Edson, 44 Minn. 135, 46 N. W. 299; Brown v. Kohout, 61 Minn. 113, 63 N. W. 248; Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060; Glover v. Sage, 87 Minn. 526, 92 N. W. 471. Adverse or hostile intent may be inferred from the character of the possession. Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060; Seymour v. Carli, 31 Minn. 81, 16 N. W. 495; Sawbridge v. Fergus Falls, 101 Minn. 378, 112 N. W. 385. Possession to be under "claim of title" or "claim of right," a misleading phrase, need be nothing more than possession with intent to appropriate and hold against all comers. Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424; Guaranty T. & T. Corp. v. U. S. 264 U. S. 200, 44 Sup. Ct. 252, 68 L. ed. 636. The evidence justifies

the conclusion that the plaintiff's predecessors supposed that the southerly boundary of lot 8 was the lake and that the intent in any event was to hold the disputed portion as a part of the lot.

The evidence discloses the elements essential to constitute adverse possession and sustains the finding.

3. The possession of successive occupants, if there is privity between them, may be tacked to make adverse possession for the requisite period. Privity is essential. Possession lost by abandonment or lost by disseisin, and possession taken when a prior occupant abandons or is disseised, cannot be tacked. Possession through descent or by transfer of title or possession is in privity. Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736; Marek v. Holey, 119 Minn. 216, 137 N. W. 969; Kelley v. Green, 142 Minn. 82, 170 N. W. 922. There was privity here from the time of Haine down to the acquisition of title by the plaintiff.

4. The boundary claimed by the plaintiff and his predecessors was a mistaken boundary. In Seymour v. Carli, 31 Minn. 81, 16 N. W. 495, it was held that where an adjoining owner occupies beyond the boundary line, under a mistake as to the true line, but under a claim of title, his occupancy is a disseisin and his possession adverse though initiated and continued by mistake. This rule has been followed. Brown v. Morgan, 44 Minn. 432, 46 N. W. 913; Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736; Weeks v. Upton, 99 Minn. 410, 109 N. W. 828; Meyer v. Town, 99 Minn. 450, 109 N. W. 840; Stevens v. Velde, 138 Minn. 59, 163 N. W. 796; Kelley v. Green, 142 Minn. 82, 170 N. W. 922. There is some quarreling with it and some worry lest it offend a logical or legal principle; but it persists. A peculiarly useful application of the doctrine of adverse possession is in the settling of disputed or mistaken boundary lines. "The object of the statute is to quiet titles and end disputes." Seymour v. Carli, 31 Minn. 81, 16 N. W. 495.

5. It is the contention of the defendant that the plaintiff cannot sustain the claim of adverse possession because of a failure to pay taxes on lot 9. It is provided by the statute, G. S. 1923, § 9187,

that unless the one claiming adverse possession, or his predecessors, during five successive years of the limitation period, shall have paid taxes, when the real estate is separately assessed, there is no adverse possession. Saying nothing of the provision in the statute relative to boundary lines established by adverse possession, it was not essential to the acquisition of title to land in controversy that the adverse possessor pay the taxes on the land in controversy which was assessed as a part of lot 9. Kelley v. Green, 142 Minn. 82, 170 N. W. 922, is decisive.

6. To maintain a title, acquired by adverse possession, it is not necessary to continue the adverse possession beyond the time when title is acquired. The title once acquired is a new title, a legal title though not a record title, is not lost by a cessation of possession, and continued possession is not necessary to maintain it. McArthur v. Clark, 86 Minn. 165, 90 N. W. 369, 91 Am. St. 333; Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060. The authorities are uniform. 2 Tif. Real Prop. (2 ed.) § 511; 3 Thomp. Real Prop. § 2516; 3 Wash. Real Prop. (6 ed.) § 1994; 2 C. J. 251-258; 1 R. C. L. p. 690, § 5; 1 Cent. Dig. Adv. Poss. §§ 604-623; 1 Dec. Dig. Adv. Poss. § 106. This is said in response to a suggestion that the plaintiff may not have had adverse possession or possession at all at all times after he bought. Title was perfected by adverse possession many years before he bought.

Judgment affirmed.