GLIDDEN COMPANY v. TWIN CITY HARDWOOD LUMBER COMPANY.[1]

April 22, 1927.

No. 25,792.

**Defendant's ownership by adverse possession sustained by evidence.**
    Evidence held sufficient to justify the finding of a jury that the defendant and its immediate predecessor had been in adverse possession of the strip of land in controversy for the period of 15 years prior to the commencement of this action, and that the defendant is the owner thereof by virtue of such adverse possession.

Adverse Possession, 2 C. J. p. 139 n. 61; p. 276 n. 59.

[1]Reported in 213 N. W. 562.

Plaintiff appealed from an order of the district court for Ramsey county, Olin B. Lewis, J., denying its motion for judgment notwithstanding the verdict or a new trial.    Affirmed.

*Walter L. Chapin,* for appellant.

*Brill & Maslon,* for respondent.

QUINN, J.

While this action was brought to recover possession of a strip of land 7.6 feet wide at the southerly end and tapering to a point 216 feet to the north, with damages for its detention, yet the real controversy is over the ownership thereof.  The plaintiff obtained title from the Twin City Varnish Company in April, 1920, which acquired title thereto from the St. Paul Fire & Marine Insurance Company in August, 1905, to that portion of outlot 140, abutting on the west side of Cleveland avenue in the city of St. Paul described as follows:    Commencing at the northeasterly corner of said lot, running thence south along the west side of said avenue 276.1 feet, thence westerly 215.41 feet, thence northerly 255.1 feet to the southerly line of Wabash avenue, thence easterly 51 feet along the southerly side of said avenue to the place of beginning.  The strip of ground in question is upon and along the westerly line of said tract.  It is conceded that the evidence made a question for the jury as to whether defendant was in adverse possession of such strip ever since it became owner of the tract immediately to the west thereof in 1916. But appellant contends that the evidence was insufficient to warrant the submission to the jury as to whether respondent's grantor, St. Croix River Lumber Company, was or claimed to be in adverse possession of such strip prior to 1916.

The trial court submitted the question of adverse possession both as to respondent and as to his immediate grantor.  There was a verdict in favor of the defendant.  From an order denying its motion for judgment or for a new trial, plaintiff appealed.

Subsequent to acquiring title to the tract now owned by plaintiff, the Twin City Varnish Company went into possession of its tract and, during the following five years, improved the same by filling in along the westerly side with earth, erecting buildings and a fence

thereon. The westerly side of these buildings abutted upon the easterly side of the strip in question and the fence was upon and along the same line. Subsequently the buildings and fence were burned and new and more substantial ones were erected along practically the same line, leaving the entire strip in controversy to the west of the line of such buildings and fence.

During its ownership of the tract immediately to the west of the strip in question, the defendant's grantor used the same as a retail lumber yard and it used the strip in question as it did other portions of the yard for piling and storing lumber, timbers and lath, all without complaint or objection from any source. When the defendant became the owner of such lumber yard, May 31, 1916, it thereafter used the strip in question in the same manner as its predecessor had and built brick buildings thereon without any objection from the plaintiff or its grantor, supposing that the plaintiff's fence and buildings were on the true line between such tracts.

This action was commenced in April, 1925. Plaintiff concedes that the question of adverse possession by defendant from May, 1916, was for the jury. Defendant relies for its claim of adverse possession on adverse possession by the St. Croix River Lumber Company, its predecessor, while plaintiff contends that it conclusively appears that the St. Croix River Lumber Company did not hold or claim to hold adversely and that it acknowledged title in plaintiff by its conveyance to the defendant of May 31, 1916. The evidence is practically undisputed and the jury found in favor of the defendant upon the question of adverse possession. The holding of this court in Seymour, Sabin & Co. v. Carli, 31 Minn. 81, 16 N. W. 495, is pertinent. See also Meyer v. Town of Petersburg, 99 Minn. 450, 109 N. W. 840; Ramsey v. Glenny, 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736. The evidence is sufficient to support a finding that defendant's immediate grantor of the adjoining land entered upon the disputed strip or parcel of land and held actual possession thereof under a mistake as to the location of the boundary line between the tract which it then owned and which defendant now owns and the adjoining tract of the plaintiff which its grantor then

owned.   The mere fact that possession was through a mistake as to the boundary line does not of itself destroy the adverse claim. Ramsey v. Glenny, supra; Seymour, Sabin & Co. v. Carli, supra; Fredericksen v. Henke, 167 Minn. 356, 209 N. W. 257, 46 A. L. R. 785.

The opinion in Olson v. Burk, 94 Minn. 456, 103 N. W. 335, has no application.   There the adverse claimant entered upon the land in controversy and commenced to improve and use the same.   Some four years later he entered into a contract with the owner of the title whereby the owner agreed to sell and the adverse claimant agreed to buy the land at the price and upon the terms therein stated. The contract contained a provision to the effect that, if the grantee failed to make payment of the several instalments of the purchase price the grantor should have the right to declare the contract void and all of grantee's rights should cease.   No question of the boundary line or of the identity of the property was there involved, and it was rightly held that such contract constituted an acknowledgment of the owner's title and broke the continuity of the grantee's alleged adverse possession.   In the instant case, the St. Croix River Lumber Company, defendant's predecessor of the strip or parcel in question, conveyed the tract adjoining the disputed parcel on the west to the defendant.   That deed of conveyance excepted that part of lot 140 conveyed by the St. Paul Fire & Marine Insurance Company to the Twin City Varnish Company to which plaintiff now holds title and which includes the strip in controversy.   That conveyance in no way located the boundary line here in controversy.

We discover no reversible error in the record and are satisfied that the evidence justified the verdict.

Affirmed.