Shirley ROEMER, et al., Respondents,

v.

Vincent EVERSMAN, et al., Appellants.

No. 50993.

Supreme Court of Minnesota,
En Banc.

April 10, 1981.

Dunlap, Keith, Collins, Finseth, Berndt & Sandberg and Jeffrey A. Hanson, Rochester, for appellants.

Douglas Hall, Minneapolis, for respondents.

OPINION

SHERAN, Chief Justice.

Respondents claim that a fence line between the common southwest boundary of the parties' farm was recognized by the parties and their predecessors in title for some fifty years. They claim title by adverse possession to the land between the original fence line and a new fence constructed by appellants along a survey line established recently by a surveyor. Third District Judge Glenn E. Kelley granted respondents' motion for summary judgment on the ground that no issue of material fact existed with regard to the adverse possession claim. We reverse.

■ In Minnesota, one cannot bring an action for the recovery of real estate unless "the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within 15 years before the beginning of the action." Minn.Stat. § 541.02 (1980). In order to gain title by adverse possession, "the disseizor must show, by clear and convincing evidence, an actual, open, hostile, continuous, and exclusive possession for the requisite period of time." *Ehle v. Prosser*, 293 Minn. 183, 189, 197 N.W.2d 458, 462 (1972). We have stated that hostile possession "is manifested by [the disseizor's] acts in improving and occupying it under such apparent claim." *Seymour, Sabin & Co. v. Carli*, 31 Minn. 81, 84, 16 N.W. 495, 496 (1883).

■ In his affidavit, appellant Vincent Eversman addressed the element of hostile possession. He stated that "the Plaintiffs have not occupied or used that parcel of land located between the fence which had

been run from tree to tree and the new fence as constructed by your Defendants." The affidavit raises a question as to a material element of any adverse possession claim: whether there was continuous and "hostile" use over a 15-year period. In addition, even if there were no issue of material fact, the pleadings, interrogatories, and affidavits fail to establish proof of any continuous hostile possession, much less evidence that this possession existed over a 15-year period. Therefore, this is not an appropriate case for summary judgment. *See Ahlm v. Rooney*, 274 Minn. 259, 143 N.W.2d 65 (1966).

Reversed.