FORD CONSUMER FINANCE
COMPANY, INC.,
Plaintiff,

Joan Elizabeth Johnson, Appellant,

v.

CARLSON AND BREESE,
INC., Respondent,

Michael J. Mika, et al., Defendants.

No. C2–99–1602.

Court of Appeals of Minnesota.

June 6, 2000.

John T. Peterson, Cindi S. Matt, Johnson, Larson & Peterson, Buffalo, for appellant.

Bruce P. Grostephan, Peterson, Engberg & Peterson, Minneapolis, for respondent.

Considered and decided by HARTEN, Presiding Judge, DAVIES, Judge, and FOLEY, Judge.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

DANIEL F. FOLEY, Judge *

Appellant Joan Johnson challenges the district court's conclusion that a 1993 quiet title action extinguished the basis for her adverse possession claim even though her immediate predecessor-in-interest was not bound by that action. We affirm.

## FACTS

This case involves a disputed triangle of lakefront property that Joan Johnson claims she acquired title to by adverse possession. In the district court's record, the chain of title for the property begins in 1974, when Sally and James Norgren conveyed it to Anthony and Francis Denardo by warranty deed. In 1989, Miles and Kara Nelson acquired the property from the Denardos by contract for deed, the warranty deed passing in 1992. When the Nelsons purchased the property, they executed a mortgage in favor of Ford Consumer Finance Co., Inc. (Ford). The parties dispute whether the property description in the mortgage included the disputed triangle.

In 1993, respondent Carlson and Breese, Inc. (Carlson) brought an action to quiet title on some lakefront land, including the triangle of land possessed by the Nelsons. The Nelsons were properly named and served, but they failed to appear and a default judgment was entered against them. Although they attempted to vacate the judgment, they ultimately abandoned their claim by stipulation and it was dismissed with prejudice. Carlson did not name or serve Ford as a defendant in that 1993 action.

In 1995, Ford foreclosed on the Nelson's mortgage. In January 1998, Ford commenced the present quiet title action, alleging a scrivener's error and requesting

Minn. Const. art. VI, § 10.

reformation of a legal description to include the disputed triangle. Subsequently, Ford conveyed its interest in the property to Johnson. Ford conveyed the property "as is" with a limited warranty deed and an express addendum in the purchase agreement that the land did not have any lakefront footage. Ford assigned its rights under this litigation and withdrew from active participation in the case. Johnson's alleged interest in the property derives from her predecessor-in-interest, Ford.

Following trial and a posttrial motion to amend, the district court determined that Johnson's basis for an adverse possession claim was extinguished by the Nelsons' failure to contest the 1993 quiet title action. The district court also ruled that the 1993 quiet title action placing title in Carlson was not binding on Ford because it was a known defendant that was not named or personally served. Although the district court concluded that the 1993 judgment was nonbinding as to Ford, it still concluded Carlson was the exclusive owner of the disputed land. Johnson moved for a new trial and the motion was denied.

## ISSUE

Did the district court err in concluding that Johnson's basis for an adverse possession claim was extinguished because mortgagee Ford did not have a possessory interest in the disputed property at the time of the 1993 quiet title action?

## ANALYSIS

■ We review de novo a district court's order denying a party's motion for a new trial based upon an error of law. *Stoebe v. Merastar Ins. Co.*, 554 N.W.2d 733, 735 (Minn.1996); *see Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (legal questions reviewed de novo). To establish a claim for adverse possession, the claimant must show by clear and convincing evidence that the possession was actual, open, hostile, continuous, and exclusive for at least the statutory period. *Roemer v. Eversman*, 304 N.W.2d 653, 653 (Minn.1981); *see* Minn.Stat. § 541.02, (1998) (setting statutory time period at 15 years). The possession of successive occupants, if there is privity between them, may be tacked to make adverse possession for the requisite period. *Fredericksen v. Henke*, 167 Minn. 356, 360, 209 N.W. 257, 259 (1926).

■ Johnson argues that the district court should have found that she had acquired title by adverse possession because her predecessor-in-interest, Ford, was not bound by the 1993 quiet title action. She claims that a mortgagee's adverse possession claim is not extinguished if the parties with possessory rights at the time of a quiet title action failed the contest the claim and a default judgment is entered against them. We note initially that it is unclear whether Ford had any interest in the disputed triangle of property. While there is evidence in the record that the Nelsons intended to offer, and Ford intended to take a security interest in the disputed triangle, it is not clear that Ford actually took such an interest. Further, even if Ford had an interest, it could not have become a possessory interest until after Ford foreclosed in 1995. Thus, to demonstrate adverse possession for the 15–year statutory period, Johnson must rely on possession by Ford's predecessors in interest, the Nelsons.

We agree with the district court that Johnson cannot rely on the Nelson's possession because that possession was cut off by the 1993 judgment in the quiet title action. *See* Minn.Stat. § 559.02 (1998) (judgment binding on all persons over whom district court has jurisdiction); *Mathews v. Lightner*, 85 Minn. 333, 335, 88 N.W. 992, 993 (1902) (noting that judgment as to state of title is binding and conclusive on parties and contingent interests "if all parties are brought before the court that can be brought before it"); Richard R. Powell & Patrick J. Rohan, 16 *Powell on Real Property* § 91.07[2], at 91–43 (1999)

(continuity requirement of adverse possession claim interrupted when judgment obtained against claimant). Because the continuity of the Nelson's adverse possession was cut off by the 1993 quiet title action, Johnson cannot tack on that previous period of possession. *Cf. Olson v. Burk*, 94 Minn. 456, 458, 103 N.W. 335, 336 (1905) (acknowledgement by adverse claimant of owner's title before statute has run breaks continuity and prevents subsequent tacking). Because Johnson fails to meet the continuous possession requirements for the statutory duration, we conclude that the district court did not err in determining that her claim fails despite its finding that the 1993 quiet title judgment did not bind Ford.

Johnson asserts that the result here is at odds with policies that protect parties with nonpossessory interests. Johnson admits that there is no Minnesota precedent directly on point. But relying on *Pergament v. Loring Properties, Ltd.*, 599 N.W.2d 146 (Minn.1999), she argues that the effect of the decision below was to improperly decrease the value of Ford's mortgage by changing the mortgaged land from lakefront property to land without lakefront.

*Pergament* addressed the mortgage exception to the merger doctrine in the context of easements. *Id.* at 147. There, the supreme court concluded that to protect a mortgagee of a dominant estate, the mortgage exception to the merger doctrine would allow the mortgagee to obtain the benefit of an easement even after unity of title had extinguished the easement if that mortgagee's interest later became possessory. *Id.* Johnson urges the panel to adopt a similar exception to the doctrine of adverse possession to protect the interests of mortgagees.

Johnson's argument, however, presupposes that Ford did, in fact, have an interest in the disputed triangle prior to the quiet title action. As we have previously noted, it is not clear that Ford actually had any interest in the disputed triangle. If it did have any interest, it was only that which the Nelsons could have conveyed to it. Moreover, even if the Nelsons were able to convey some inchoate interest in the parcel, this interest was not possessory until sometime after 1995 when Ford foreclosed, well after the 1993 quiet title action vested title in Carlson.

Johnson supports her equitable argument that Ford's claim should not be extinguished by arguing that, had Ford been a named party with notice in the 1993 action, it would have stepped in to protect its interests in the 1993 quiet title action. This argument is unpersuasive. While there is evidence that the value of Ford's interest in the land would be diminished,[1] there is nothing in the record to support Johnson's contention that Ford would have taken any action. Such a conclusion would be speculative. Thus, after the 1993 judgment extinguished the Nelsons' claim for adverse possession, Ford could no longer claim that its interests were harmed or that the value of its security was impaired because Ford's potential possessory interest in the disputed triangle was dependent upon the Nelsons' interest. Additionally, Johnson's commitment to protecting the nonpossessory interests of mortgagees seems somewhat inauthentic since she, not Ford, is the one who actually stands to benefit from a decision in her favor. Therefore, we conclude that although the value of Ford's mortgage may have been impaired by Carlson's failure to name and serve it as a defendant in the 1993 quiet title action, Johnson still has no recourse to a claim of adverse possession as a way of vindicating Ford's interests.

1. The Wright County Assessor testified at trial that Johnson's property was assessed as including 25 feet of lakeshore for an estimated market value of $65,200 in 1998. From the value of the mortgage Ford took from the Nelsons ($61,980.25) compared with Johnson's purchase price ($40,000), the difference in value of Johnson's land without the disputed triangle may be roughly $20,000.

## DECISION

Neither the law nor the equities favor reviving a claim of adverse possession by Johnson against Carlson under these circumstances. The district court did not err in concluding that Johnson's action to quiet title fails because the 1993 quiet title action extinguished Ford's basis for a claim of adverse possession.

**Affirmed; motions denied.**[2]

2. We also note that both parties make motions to strike portions of each other's documents on appeal. Carlson contends that Johnson's reply brief contains matters outside the record. It does not. *See* Minn. R. Civ. App. P. 110.01 (record on appeal consists of "the papers filed in the trial court, the exhibits, and the transcript of the proceedings."). Johnson's accusation that Carlson makes unsupported factual assertions is similarly unfounded. Accordingly, we deny both parties' motions to strike.